[Cite as *State v. Stephen*, 2016-Ohio-4803.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                                    )
                                                 )
    PLAINTIFF-APPELLEE                       )
                                                 )        CASE NO. 14 BE 0037
VS.                                              )
                                                 )        OPINION
GARY STEPHEN                                     )
                                                 )
    DEFENDANT-APPELLANT                      )

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
                                   Pleas of Belmont County, Ohio
                                   Case No. 14 CR 020

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee             Attorney Daniel P. Fry
                                   Belmont County Prosecutor
                                   Attorney Helen Yonak
                                   Assistant Prosecutor
                                   147-A West Main Street
                                   Saint Clairsville, Ohio 43950

For Defendant-Appellant            Attorney Thomas Ryncarz
                                   3713 Central Avenue
                                   Shadyside, Ohio 43947

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 30, 2016

DeGENARO, J.

**{¶1}** Defendant-Appellant, Gary Stephen, appeals the judgment of the Belmont County Court of Common Pleas convicting him of two counts of sexual battery and sentencing him to nine years in prison. Contrary to Stephen's assertions on appeal, his plea was knowing, voluntary and intelligently made. He received effective assistance of counsel and the trial court did not err by imposing consecutive sentences. Accordingly the judgment of the trial court is affirmed.

### Facts and Procedural History

**{¶2}** Stephen was indicted by the Belmont County Grand Jury on one count of rape, 2907.02(A)(1)(c), a first degree felony, and one count of sexual battery, 2907.03(A)(2), a third degree felony. Pursuant to a plea agreement the State amended the rape charge to sexual battery, and Stephen pled guilty to both sexual battery counts. Additionally, the State agreed to make no recommendation regarding sentencing. At the sentencing hearing the trial court noted that it had reviewed the presentence investigation, victim impact statements, and a letter from the Barnesville Police Department. Stephen apologized for his actions, and his trial counsel also spoke on his behalf. The trial court imposed a 60 month prison term on the first count of sexual battery and 48 month term on the second count. The sentences were ordered to be served consecutively.

### Plea

**{¶3}** In his first of three assignments of error, Stephen asserts:

The Appellant's guilty plea was not knowingly, voluntarily, and intelligently made in violation of Criminal Rule 11.

**{¶4}** A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it.

*State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

{¶5} The trial court must engage in a Crim.R. 11(C) colloquy with the defendant where it is to provide specific information to the defendant, including the constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26.

{¶6} The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). Strict compliance does not require a rote recitation, but rather, whether the "record shows that the trial court explained these rights in a manner reasonably intelligible to the defendant." *Id.*, paragraph two of the syllabus.

{¶7} The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. *State v. Anderson*, 7th Dist. No. 11 MA 125, 2012–Ohio–2759, ¶ 14. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. *Id.* Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, ¶ 10–13.

{¶8} The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* If the trial court did not substantially comply with advising the defendant of his nonconstitutional

rights, he must also show prejudice; that the plea would not have been made. *Veney*, ¶ 15, citing *Nero* at 108.

**{¶9}** The trial court's advisement of Stephen's constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and he indicated he understood he was giving up those rights. The trial court also substantially complied with Crim.R. 11(C) when advising Stephen of his nonconstitutional rights.

**{¶10}** Stephen contends that he was not advised that the sexual battery charge requires a mandatory prison sentence pursuant to R.C. 2929.13(F)(3)(c)(ii); thus his plea was not knowing, voluntary and intelligent. The State counters that a mandatory prison sentence does not accompany this charge because the victim was over the age of 40.

**{¶11}** R.C. 2929.13(F)(3) provides in pertinent part that a prison term is mandatory for a sexual battery conviction "if the victim is less than thirteen years of age." Clearly by the terms of the statute mandatory time was not required because the victim was not under the age of thirteen. As the time was not mandatory, any reference by the trial court to community control sanctions was not in error. The trial court's colloquy complied with Crim.R. 11(C), as such, the plea was knowingly, voluntarily, and intelligently entered. Accordingly, Stephen's first assignment of error is meritless.

### Ineffective Assistance of Counsel

**{¶12}** In his second of three assignments of error, Stephen asserts:

> The Appellant was denied the effective assistance of trial counsel.

**{¶13}** To prove an allegation of ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989),

at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.*, paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin,* 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988).

{¶14} "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary." *State v. Huddleson,* 2d Dist. No. 20653, 2005–Ohio–4029, ¶ 9 citing *State v. Spates*, 64 Ohio St.3d 269, 1992-Ohio-130, 595 N.E.2d 351.

{¶15} Stephen first contends that his attorney was ineffective because he failed to inform him that the jail time for sexual battery was mandatory, which we have rejected above. Stephen also argues that trial counsel should have written the possible sentences for the crime of sexual battery on the written plea form. However, the information is included on the plea form and was also relayed to Stephen during the plea hearing to which he stated he understood.

{¶16} As Stephen's plea was knowingly, voluntarily and intelligently made, he has failed to establish deficient performance by his attorney. Accordingly, Stephen's second assignment of error is meritless.

### Consecutive Sentence

{¶17} In his final assignment of error, Stephen asserts:

> The trial court committed error in imposing an aggregate sentence of nine (9) years in prison because the trial court abused its discretion in imposing said sentence upon the Appellant.

{¶18} The Ohio Supreme Court recently resolved the question of what standard of review to apply to felony sentences challenged on appeal: "Applying the plain language of R.C. 2953.08(G), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that

the sentence is otherwise contrary to law." *State v. Marcum*, ---Ohio St.3d ---, 2016-Ohio-1002, ¶1; *State v. Mims*, 7th Dist. No. 14 JE 0025, 2016-Ohio-3228, ¶ 43.

**{¶19}** Stephen was afforded his allocution rights pursuant to Crim.R. 32(A)(1). He apologized for what he did to the victim and her family. The trial court properly notified Stephen that upon his release from prison he would be subject to a mandatory five-year period of post-release control and explained the ramifications of violating post-release control. See R.C. 2967.28(B)(1). The trial court properly classified Stephen as a Tier III sex offender and notified Stephen about his sex offender registration and notification duties.

**{¶20}** The nine year prison sentence Stephen received is within the range for the charges. The trial court considered the principles and purposes of felony sentencing and the sentencing factors. R.C. 2929.11 and R.C. 2929.12.

**{¶21}** With regard to consecutive sentences, the provisions of H.B. 86, codified as R.C. 2929.14(C)(4), apply to criminal defendants who were sentenced on or after September 30, 2011. Based on R.C. 2929.14(C)(4), a trial court is required to make three findings before imposing consecutive sentences: 1) consecutive sentences are necessary to protect the public from future crime or to punish the defendant; 2) consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; and 3) one of three alternative findings, set out in subsections, namely that: a) the defendant was under post-release control, specified statutory community control, or awaiting trial or sentencing; b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of the defendant's conduct; or c) the defendant's criminal history demonstrates the need to protect the public from future crime by the defendant. R.C. 2929.14(C)(4).

**{¶22}** The findings supporting consecutive sentences must be made both at the sentencing hearing and in the entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 37. However, a trial court need not state reasons to support its findings nor is it required to use any "magic" or "talismanic" words, so long

as it is apparent that the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *Bonnell*, ¶ 37. Post-*Bonnell,* we may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings. *Bonnell*, ¶ 29. However, as demonstrated by the outcome in *Bonnell*—the Supreme Court reversed and remanded Bonnell's sentence because the trial court failed to make a proportionality finding—there are limits to that deference. *Bonnell*, ¶ 33-34. After a reviewing court determines the findings have been made, the court "must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015-Ohio-3955, ¶ 76, citing *Bonnell* at ¶29.

**{¶23}** Here, the trial court made the following findings with regard to the imposition of consecutive sentences during the hearing:

> In accord with 2929.14(C)(4), I find that consecutive sentences are necessary to protect the public from future crime by this defendant or others, and that consecutive sentences are not disproportionate to the seriousness of the offenses. And the Court specifically finds that the harm in this case was so great that a single term does not reflect the seriousness of the conduct: i.e., defendant having previously been convicted of gross sexual imposition commits two separate counts of sexual battery against the same victim with knowledge that said victim's judgment is obviously impaired. And combined with his lack of genuine remorse, such conduct demonstrates that consecutive terms are necessary to protect the public from future acts by this defendant.

**{¶24}** The sentencing entry stated almost verbatim what was said at the hearing. The trial court made the findings necessary to support the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4) both at the hearing and included them in the sentencing entry. Stephen disagrees with a few of the factual determinations made by the trial judge in support of the sentence. Despite counsel's

protests on appeal, these determinations are supported by the record. Accordingly, Stephen's third assignment of error is meritless.

**{¶25}** In sum, Stephen's plea was knowing, voluntary and intelligently made. Stephen received effective assistance of counsel and the trial court properly imposed consecutive sentences. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.