[Cite as *State v. Stan*, 2017-Ohio-7756.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 BE 0029 |
| VS. | ) | |
| | ) | OPINION |
| JUSTIN S. STAN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 15 CR 264

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee     Attorney Daniel Fry
Belmont County Prosecutor
Attorney Helen Yonak
Assistant Prosecutor
147 West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant     Attorney Cynthia Henry
P.O. Box 4332
Youngstown, Ohio 44515

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 21, 2017

DeGENARO, J.

**{¶1}** Defendant-Appellant Justin Stan appeals the trial court's judgment convicting him of one count of burglary and two counts of theft and sentencing him accordingly. Stan argues that trial counsel was ineffective during plea and sentencing proceedings and that his sentence was erroneous. As Stan's assignments of error are meritless, the judgment of the trial court is affirmed.

**{¶2}** Stan was charged by Bill of Information with one count of burglary, R.C. 2911.12(A)(3), a third-degree felony; and two counts of theft, R.C. 2913.02(A)(1)(B)(3), one as a fourth-degree felony and the other as a fifth-degree felony. Along with his brother, who was separately charged and convicted, Stan was accused of breaking into the home of his 88 year old uncle, restraining him, and robbing him of his cash, wallet, credit cards and household goods, while his brother held him at gunpoint.

**{¶3}** Stan appeared in court and was arraigned; counsel was appointed. Stan waived indictment and indicated his willingness to plead guilty to the charges in the Bill of Information.

**{¶4}** Stan then executed a Crim.R. 11 plea agreement, which had been prepared in advance of the hearing. It can be gleaned from the record that Stan had assistance from prior counsel in the preparation and/or negotiation of this plea. Ultimately the plea agreement was signed by Stan, current counsel, the prosecutor and the trial court. In exchange for Stan's guilty plea to the Bill of Information, the State did not make a specific sentencing recommendation other than to state that it would not oppose judicial release to the East Ohio Correctional Center, a community-based corrections facility, after four years of incarceration.

**{¶5}** During the plea hearing, the trial court engaged in a colloquy with Stan concerning the rights he would give up by pleading guilty, and ultimately accepted Stan's plea as knowingly, voluntarily and intelligently made and sentencing was continued so a pre-sentence investigation and EOCC evaluation could be prepared.

**{¶6}** During sentencing, the prosecutor noted that by pleading to the Bill of Information Stan potentially avoided much more serious charges. Stan's co-

defendant had been indicted on first-degree felonies. Defense counsel requested that the court follow the State's recommendation which was to consider judicial release after four years in prison. The trial court asked Stan if he had anything to say regarding sentencing and he apologized for his conduct. The record also contains an apology letter sent to the trial court by Stan, which the trial court considered, stating at sentencing: "I do appreciate the comments in your letter."

{¶7} After considering, among other things, the record, statements made at sentencing, the information in the PSI, the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and after making consecutive sentence findings pursuant to R.C. 2929.14(C)(4), the trial court proceeded to sentence Stan to 36 months on the burglary charge, 18 months on the felony-four theft charge, and 12 months on the felony-five theft charge, to be served consecutively for an aggregate sentence of 66 months. The trial court imposed a three-year discretionary period of post-release control; and ordered Stan to pay restitution to the victim.

{¶8} The trial court stated that it "would consider a request for judicial release, as agreed by counsel in the plea agreement petition, and that is after you have served four years in the penitentiary; you will be able to file that." Finally, the trial court granted Stan jail-time credit of 58 days.

{¶9} Stan filed a pro-se motion for leave to file a delayed appeal which was granted. The State failed to file an appellee brief.

### Ineffective Assistance of Counsel

{¶10} Stan's first and second assignments of error will be discussed together for clarity of analysis. They assert, respectively:

> Appellant received ineffective assistance of counsel at the plea hearing where counsel was appointed during the course of the hearing and made misleading representations to the Appellant regarding sentencing.

Appellant received ineffective assistance of counsel at the sentencing proceedings where counsel failed to present and [sic] mitigating witnesses or to address the court on his client's behalf.

**{¶11}** To prove ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.*, paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988).

**{¶12}** With regard to the plea proceedings, "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary." *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, 2016 WL 3573240, ¶ 14, quoting *State v. Huddleson*, 2d Dist. No. 20653, 2005-Ohio-4029, 2005 WL 1846531, ¶ 9, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992).

**{¶13}** Stan first argues that trial counsel was ineffective at the plea hearing because counsel had little or no time to review the file and advise Stan as to the strength of the State's case against him and what evidence could or could not be used against him in trial.

**{¶14}** However, the trial court specifically asked Stan:

TRIAL COURT: Has Mr. Pierce reviewed everything with you, gone over all the evidence with you and answered all of your questions?

THE DEFENDANT: Yes, he has.

THE COURT: Are you satisfied with his advice and competence?

THE DEFENDANT: Yes.

{¶15} Thus, counsel's performance in this regard did not cause the plea to be less than knowing and voluntary.

{¶16} Stan also argues that counsel presented "false or misleading information" to him to induce his guilty plea. It appears this is wholly meritless. First, Stan is mistaken in his assertion that "[d]uring the course of the proceeding [the prosecutor] stated that the State of Ohio would not be opposed to four years of service in prison." The State actually made no recommendation as to the *total prison sentence*, only that it would not be opposed to judicial release after four years in prison.  The prosecutor said:

> Thank you, Your Honor. By way of plea to a Bill of Information, the Court had recited the maximum sentences faced. According to the plea petition, it would not be-- the State of Ohio would not be opposed to the East Ohio Correctional Center, after a term of commitment of at least four years. So and then, obviously, as the Court had recited, the maximum the defendant faces is five-and-a-half years. So at some point, we're not getting into what sentence we would recommend, but after four years of service in prison, we would not be opposed to the East Ohio Correctional Center.

{¶17} This is consistent with the written plea agreement. Further, both the trial court and defense counsel explained to Stan that the trial court was not bound by any recommendations in any event, and Stan indicated his full understanding.

{¶18} Defense counsel did tell Stan—after warning him that the trial court was not bound by any recommendation—that, "this Court does have a history of being

respectful of the State's recommendations."  This is not misleading. In sentencing Stan, the trial court ultimately agreed that it would "consider a request for judicial release, as agreed by counsel in the plea agreement petition, * * * after [Stan] served four years in the penitentiary."

**{¶19}** Regarding sentencing proceedings, Stan argues counsel was ineffective for failing to present any mitigating evidence or to speak on his behalf. First, counsel did request that the court follow the State's recommendation, which was to consider judicial release after four years in prison.

**{¶20}** Further, counsel's decision not to present mitigating evidence during sentencing can be considered sound trial strategy based upon the totality of the circumstances.  *State v. Bartimus*, 7th Dist. No. 02 BA 5, 2003-Ohio-807, ¶ 9. This court in *Bartimus* noted that "the Ohio Supreme Court [likewise] recognizes that failure to present evidence in the penalty phase as a tactical decision." *Id.* at ¶ 10, citing *State v. Keith*, 79 Ohio St.3d 514, 684 N.E.2d 47 (1997) (discussing presentation of mitigating evidence at the penalty phase of a capital trial); *State v. Johnson*, 24 Ohio St.3d 87, 91, 494 N.E.2d 1061 (1986) (discussing presentation of mitigating evidence at the penalty phase of a capital trial).

**{¶21}** Stan argues that counsel should have noted, inter alia, his family life, prior consistent employment history, history of drug problems and the fact that his prior convictions were misdemeanors. However, all of that information can be found in the PSI, which the trial court reviewed. Even assuming arguendo that counsel should have been more zealous during the sentencing hearing and that this constitutes deficient representation, there is no prejudice.

**{¶22}** Accordingly, counsel was not ineffective, and Stan's first and second assignments of error are meritless.

### Sentencing

**{¶23}** In his third and final assignment of error, Stan asserts:

The trial court abused its discretion in sentencing the Appellant to maximum and consecutive sentences.

**{¶24}** Appellate courts review a felony sentence to determine whether the trial court's findings—or where findings are not required, the sentence itself—are clearly and convincingly unsupported by the record, or whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; ¶ 23. "*Marcum* does not permit appellate courts to independently weigh the sentencing factors in R.C. 2929.12 on review." *State v. Davis*, 2016-Ohio-7319, 71 N.E.3d 1254, ¶ 5 (7th Dist.).

**{¶25}** Stan specifically asserts the trial court erred by imposing maximum, consecutive sentences. To impose consecutive sentences R.C. 2929.14(C)(4) requires the trial court make three findings: that consecutive sentences are 1) necessary to protect the public from future crime or to punish the defendant; 2) not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; and 3) one of three alternative findings set out in subsections: a) the defendant was under post-release control, specified statutory community control, or awaiting trial/sentencing; b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of the defendant's conduct; or c) the defendant's criminal history demonstrates the need to protect the public from future crime by the defendant. R.C. 2929.14(C)(4).

**{¶26}** The findings supporting consecutive sentences must be made both at the sentencing hearing and in the entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 37. But a trial court is not required to state reasons supporting its findings or use magic or talismanic words, so long as it is apparent the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014–Ohio–2248, ¶ 6; *see also Bonnell* at ¶ 37. Post-*Bonnell*, we may liberally review the entire sentencing transcript to discern whether the trial court made the requisite findings. *Bonnell* at ¶ 29. However, as demonstrated by the outcome in *Bonnell*—the Supreme Court reversed and remanded *Bonnell's* sentence because the trial court failed to make a proportionality finding—there are limits to that deference. *Bonnell* at

¶ 33–34. After a reviewing court determines the findings have been made, the court "must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015–Ohio–3955, ¶ 76, citing *Bonnell* at ¶ 29.

{¶27} The trial court found during the sentencing hearing:

> I do believe that prison terms are necessary in this matter, in that those should be consecutive so as to protect the public and to punish you. I don't believe that consecutive terms are disproportionate with your conduct, in that knowing you are on probation but needing money instead to have a party with your brother, broke into the home of your 88 year old uncle, restrained him at gun point, robbed him; the next day, used his credit cards to buy gasoline, cigarettes, phone cards and a birthday gift for your own son; used his cash money to buy drugs.

> The harm caused to Mr. Kocher and the risk of worse harm, as a gun was used, are so great that a single term does not adequately reflect the seriousness of your conduct; consecutive terms are necessary, given your history.

{¶28} The trial court found in its sentencing entry:

> The Court further finds in accordance with the above factors that consecutive prison terms are necessary in this action so as to protect the public and to punish this Defendant. Consecutive terms are not disproportionate with Defendant's conduct in that, knowing that he was on probation but needing money to "party," he nevertheless broke into the home of his 88 year old uncle, restrained him at gunpoint, robbed him, and, the next day, used his credit cards to buy gasoline, cigarettes, phone cards, and a birthday gift for his son, and used the cash to buy drugs. The harm suffered by this 88 year old victim and the risk of

worse harm as a gun was used, are so great that a simple term does not adequately reflect the seriousness of Defendant's conduct. Consecutive terms are needed due to Defendant's history.

**{¶29}** Thus, the trial court complied with R.C. 2929.14(C)(4) in imposing consecutive sentences. Further, the record contains ample evidence in support of the findings and of the decision to impose the maximum consecutive sentences. The factual findings made during the sentencing hearing and in the entry about the underlying offenses are supported by the information in the PSI. Further, as Stan himself concedes, he has a lengthy criminal history. The sentence is not clearly and convincingly unsupported by the record, or otherwise contrary to law.

**{¶30}** Accordingly, for all of the above reasons, Stan's assignments of error are meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.