[Cite as *State v. Hairston*, 2017-Ohio-8719.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                  :

v.                                                          :

Christopher B. Hairston,                        :

        Defendant-Appellant.              :

Nos.   17AP-416
(C.P.C. No. 14CR-1091)
and
17AP-417
(C.P.C. No. 16CR-1856)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on November 28, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.  **Argued:** *Sheryl L. Prichard*.

**On brief:** *Todd W. Barstow*, for appellant.  **Argued:** *Todd W. Barstow.*

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, Christopher B. Hairston, appeals from two judgment entries of the Franklin County Court of Common Pleas, entered May 8, and May 9, 2017, which imposed: (1) 36 months in prison for violating previously imposed community control on a domestic violence conviction, and (2) 18 months in prison for a new menacing by stalking conviction.  The prison sentences were ordered to be served consecutively.  Because the trial court did not make the complete disproportionality finding at the sentencing hearing and did not incorporate any findings into the judgment entries, we reverse and remand the matters to the trial court.

I.  Facts and Procedural History

{¶ 2}  On January 19, 2016, in case No. 14CR-1091 (17AP-416), appellant pled guilty to domestic violence, in violation of R.C. 2919.25, a felony of the third degree.  The

trial court sentenced appellant by requiring appellant to serve 12 months of community control with conditions and was advised that in the event he violated the conditions of community control, the court would impose 36 months in prison.

{¶ 3} On February 21, 2017, in case No. 16CR-1856 (17AP-417), appellant pled guilty to menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree. On May 8, 2017, the trial court held a sentencing hearing in this new case, 16CR-1856, as well as a revocation of community control hearing in his original case, 14CR-1091. The trial court found appellant had violated the terms of community control and imposed a sentence of 36 months in prison in case No. 14CR-1091. The court imposed an additional 18 months in prison in case No. 16CR-1856, and ordered that the two sentences be served consecutively for a total of 54 months in prison.

## II. Assignment of Error

{¶ 4} Appellant appeals and assigns the following sole assignment of error for our review:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

## III. Discussion

{¶ 5} In his assignment of error, appellant contends the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) at the sentencing hearing. "An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law." *State v. Robinson*, 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 7, citing *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10. R.C. 2953.08(G)(2).

{¶ 6} "Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). However, a trial court, in its discretion, may impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.* To do so, the trial court must find that: (1) the consecutive service is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's

conduct and to the danger the offender poses to the public, and (3) at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 7} The Supreme Court of Ohio in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, established that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus. In making R.C. 2929.14(C)(4) findings at the sentencing hearing, the trial court is not required to provide "a talismanic incantation of the words of the statute"—"a word-for-word recitation of the language of the statute is not required." *Id.* at ¶ 37; 29. Thus, appellate courts have been "fairly deferential to the trial court" in reviewing R.C. 2929.14(C)(4) challenges and will determine the trial court made requisite findings if reasonably able to "glean" such findings from the record. *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 19-21 (determining that the trial court made the requisite disproportionality finding in stating that appellant's conduct was the "worst form" and "most serious type" of the criminal offense and its discussion of appellant's previous similar conviction and resultant prison stay); *Bonnell* at ¶ 29 (instructing that "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld").

{¶ 8} In determining whether the trial court engaged in the correct analysis, an appellate court "may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings." *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22, citing *Bonnell* at ¶ 29. *See, e.g.*, *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 54-56 (determining that trial court adequately articulated a consecutive sentencing finding based on its statement "[p]ursuant to [R.C. 2929.14(C)(4)] based on the seriousness of the conduct, the continuing course of conduct, the court will impose consecutive sentences" when it also generally discussed the defendant's prior criminal history, pattern of conduct, commission of the offense while on post-release control, and lack of remorse).

{¶ 9} Appellant argues here that the trial court failed to make the "disproportionality" finding at the sentencing hearing, specifically that the court did not find that consecutive sentences were not disproportionate to the danger that appellant posed to the public. Appellant also argues the trial court entries did not incorporate the court's findings for imposing consecutive sentences as required by *Bonnell*.

{¶ 10} Plaintiff-appellee, State of Ohio, counters that no error occurred because, taken as a whole, at a minimum, the statement of the trial court encompasses all required findings in order to impose consecutive sentences. Furthermore, the state suggests we apply a plain error standard of review as appellant did not object to the court's consecutive sentencing decision or otherwise alert the court of the need to make findings. Appellee argues appellant cannot demonstrate plain error.

{¶ 11} In the present case, at the sentencing hearing, the victim of appellant's menacing addressed the trial court and described appellant's actions toward her. She stated that after a report of menacing had been filed against appellant, he contacted her. The police told appellant to stay away from the victim and her home, but later that evening, appellant went to the victim's home and called her and told her that "no one could stop him and how he'll do it again." (May 8, 2017 Tr. at 4.) She told the court that because she "picked up his bag, he strangled me to the ground, choked me until I couldn't breathe, [and when she tried to leave her house] Christopher punched [her] in the side of [her] face." (May 8, 2017 Tr. at 5.) She also informed the court that she has physical scars over her body and further that "[h]e called [her] phone nonstop. He texted [her]

excessively, e-mailed [her], physically, mentally, and emotionally abused [her], and then wished [her] dead and threatened [her] life all because [she] didn't want to be with him." (May 8, 2017 Tr. at 5.)  The prosecutor then reminded the court that appellant has issues with recidivism, was on probation for domestic violence when he picked up this new charge, has a history of violence against women, is not taking full responsibility, "continually engaging in victim blaming during the entirety of this proceeding."  (May 8, 2017 Tr. at 6.)  The prosecutor requested the court impose the maximum prison offense on the menacing by stalking and the remaining time on the domestic violence.

{¶ 12} Appellant's counsel then addressed the court and asked the court to consider the results of the pre-sentence investigation which, according to appellant, revealed that he did not have any "narcissistic, abusive-type diagnosis" and that a risk assessment suggested he would not reoffend and is a "low risk for violence risk screening."  (May 8, 2017 Tr. at 9.)  Appellant requested community control.

{¶ 13} The court then imposed 18-months incarceration on the menacing by stalking and stated the following:

> Pursuant to 2929.14(C)(4)(b)(2), since the second violation occurred while he was on probation with the first violation, I find that consecutive sentences are necessary in order to adequately punish the defendant.  I further find they are not disproportionate to the circumstances.
>
> You know, with the nature of the first charge and everything that went on with that, he was put on a very limited probation. He did not perform well.  He only had to report four times, and he committed a violation during that period of time.  I put him on the lowest form of probation I have ever put anybody on, and he couldn't even do that right, so I feel that consecutive sentences are necessary.

(May 8, 2017 Tr. at 13.)  We agree with appellant that the trial court did not make the complete disproportionality finding as required by R.C. 2929.14(C)(4).  The disproportionality finding requires the court to find that "consecutive sentences are not disproportionate to [1] the seriousness of the offender's conduct[,] *and* [2] to the danger the offender poses to the public."  (Emphasis added.)  (May 8, 2017 Tr. at 13.)  The court found that consecutive sentences are not "disproportionate to the circumstances."  In referring to "the circumstances," and after having heard details of appellant's conduct

from the victim and the state, we find the trial court complied with the requirement to find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct.

{¶ 14} However, we cannot glean from the court's colloquy and the entirety of the sentencing transcript that the court made a finding that consecutive sentences are not disproportionate to the danger the offender poses to the public. The state and appellant both provided the court information regarding the danger appellant poses to the public: the state informed the court of appellant's history of violence, issues with recidivism, failure to take responsibility and victim blaming, and the facts of the instant menacing by stalking; appellant countered by informing the court of the results of his mental health and risk assessments, which he characterized as revealing a "low risk for violence." (May 8, 2017 Tr. at 9.) Supreme Court precedent is clear that the trial court is not required to express on the record how it weighed the above competing information in assessing the danger the appellant poses to the public or its reasons for imposing consecutive sentences. Nevertheless, we cannot construe that the court made any finding that consecutive sentences are not disproportionate to whatever the court ultimately determined to be the danger appellant poses to the public.

{¶ 15} We also find the trial court did not, as required by *Bonnell*, incorporate any findings into its judgment entries. The state concedes that findings were not incorporated into the judgment entries and characterizes this as clerical error and inadvertence and can be addressed by remanding the entries to the trial court to incorporate the findings into nunc pro tunc entries. Because the trial court did not make the complete disproportionality finding, we disagree that the lack of findings incorporated into the judgment entries can be fixed with nunc pro tunc entries. The trial court's failure to make the complete disproportionality finding requires us to remand this case for resentencing. *See State v. Howze*, 10th Dist. No. 13AP-386, 2013-Ohio-4800, ¶ 20.

{¶ 16} Accordingly, we sustain appellant's assignment of error.

## IV. Conclusion

{¶ 17} For the reasons stated above, appellant's sole assignment of error is sustained. The judgments of the Franklin County Court of Common Pleas are reversed,

and these matters are remanded to that court for resentencing in accordance with R.C. 2929.14(C)(4), *Bonnell*, and this decision.

*Judgments reversed and causes remanded.*

TYACK, P.J., and HORTON, J., concur.

————————