[Cite as *State v. J.L.H.*, 2019-Ohio-4999.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-369 |
| v. | : | (C.P.C. No. 18CR-3651) |
| [J.L.H.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 5, 2019

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued**: *Barbara A. Farnbacher*.

**On brief**: *Todd W. Barstow*, for appellant. **Argued**: *Todd W. Barstow*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} J.L.H., defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty of two counts of sexual battery, violations of R.C. 2907.03 and third-degree felonies, and one count of gross sexual imposition, a violation of R.C. 2907.05 and a fourth-degree felony.

{¶ 2} In June 2018, appellant's 13-year-old step-granddaughter reported to a child advocacy center that appellant put his penis in her vagina and touched her vagina with his penis and hand twice a week during May 2018. Appellant subsequently admitted

to family members that he engaged in some sexual contact but denied that any penetration had occurred.

{¶ 3} On June 27, 2018, appellant was indicted on four counts of rape and two counts of gross sexual imposition. On March 15, 2019, appellant pled guilty to two counts of the stipulated lesser-included offense of sexual battery, and one count of gross sexual imposition. The trial court held a sentencing hearing on May 6, 2019. At the conclusion of the hearing, the trial court made numerous statutorily required findings, which are the subject of the present appeal. On May 7, 2019, the trial court issued a judgment entry in which it sentenced appellant to five years incarceration on each sexual battery count and one year incarceration on the gross sexual imposition count, to be served consecutively, for a total sentence of 11 years. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES.
>
> [II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 4} Appellant argues in his first assignment of error the trial court erred when it sentenced him to the maximum sentences on the sexual battery counts in contravention of Ohio's felony sentencing statutes. Pursuant to R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 5} A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v.*

*Santos*, 8th Dist. No. 103964, 2016-Ohio-5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.* There is no requirement in R.C. 2929.12 that the trial court states on the record it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Hayes*, 5th Dist. No. 18CA10, 2019-Ohio-1629, ¶ 49, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶ 6}   "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.' " *State v. Smith*, 3d Dist. No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *Id.*, quoting R.C. 2929.11(A). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). " 'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶ 7}   In the present case, appellant argues the trial court had no evidence from which to conclude that he was likely to commit sex crimes in the future. He claims that none of the factors under R.C. 2929.12(D) and (E) apply or indicate a likelihood of recidivism, and the trial court based its decision to impose maximum sentences on non-existent evidence. He claims there is nothing in the presentence investigation report that indicated any likelihood of repeat behavior, and the trial court did not receive any psychological or other scientific evidence for its claim of likely recidivism.

{¶ 8}   R.C. 2929.12(D) provides five factors a trial court must consider, along with any other relevant factors, as factors indicating that the offender is likely to commit future crimes. The listed factors under R.C. 2929.12(D) are largely inapplicable here. R.C. 2929.12(E) provides five factors a trial court must consider, along with any other relevant

factors, as factors indicating that the offender is not likely to commit future crimes, including, as pertinent here, that the offense was committed under circumstances not likely to recur.

{¶ 9} Here, in sentencing appellant to maximum sentences on the two counts of sexual battery, the trial court found that he posed a greater likelihood of committing future crimes. The trial court stated it agreed with the victim's father that someone capable of doing what he did under such circumstances does not give the court any confidence that he would not do it again.

{¶ 10} Appellant does not claim the sentence was contrary to law, and we find the record supports that appellant is likely to commit future crimes. As this court has stated, it is well understood that sex offenders have a high risk of recidivism. *State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, ¶ 24 (10th Dist.), citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 10. Furthermore, that there were multiple offenses, the victim was a young child, the offenses occurred over an extended period of one month, the victim was a relative, and appellant held positions of trust as the victim's step-grandfather and church minister are all factors that support a finding appellant was likely to commit future sexual offenses. *See State v. S.E.*, 10th Dist. No. 13AP-325, 2014-Ohio-413, ¶ 14 (addressing repealed R.C. 2950.09 and finding that the age of the victims, there were multiple victims, and the victims were appellant's daughters and, as their father, the defendant was in a position of trust were all factors that supported a finding that recidivism was likely). As this court has held "[t]he age of the victim is probative because it serves a telling indicator of the offender's inability to refrain from such illegal conduct." *Id.* at ¶ 16, citing *State v. Daniels*, 10th Dist. No. 97APA06-830 (Feb. 24, 1998), *aff'd*, 84 Ohio St.3d 12 (addressing recidivism pursuant to repealed R.C. 2950.09). There is also a high potential of recidivism among sex offenders whose crimes involve young children. *Id.* at ¶ 17. For these reasons, we will not reverse appellant's maximum sentence because: (1) it was within the permissible statutory range, (2) the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, (3) the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12, and (4) his sentence was not otherwise contrary to law. Therefore, we overrule appellant's first assignment of error.

{¶ 11} Appellant argues in his second assignment of error the trial court erred when it improperly sentenced him to consecutive terms of incarceration in contravention of Ohio's sentencing statutes. As plaintiff-appellee, the State of Ohio notes, appellant did not object to the imposition of consecutive sentences during the sentencing hearing, and our review is thus limited to plain error. *State v. Jackson*, 92 Ohio St.3d 436, 444 (2001). An appellate court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139. For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected "substantial rights," meaning the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 12} Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 14} A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and also incorporate such findings into its sentencing entry. *Bonnell* at ¶ 37. However, a trial court need not state reasons to support its findings, nor is the court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required," but where "the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 15} In the present case, appellant argues the trial court failed to state a proper basis for sentencing appellant to consecutive terms and that the record does not justify consecutive sentences. Appellant contends the trial court failed to make one of the findings required by R.C. 2929.14(C)(4)(a) through (c). Appellant also asserts the trial court did not comply with the requirement in *Bonnell* that the statutorily mandated findings are required both on the record at the sentencing hearing and in the judgment entry.

{¶ 16} At the sentencing hearing, the trial court found it was imposing consecutive sentences because consecutive sentences were necessary to protect the public from future crimes and to punish appellant. The court also found the seriousness of the offenses required consecutive sentences and the danger appellant poses to the public was great. In

the sentencing entry, the court indicated it had weighed the factors as set for in the applicable provisions in R.C. 2929.14.

{¶ 17} After a review of the record, we find the trial court sufficiently made the required findings at the sentencing hearing pursuant to R.C. 2929.14(C)(4). With regard to appellant's argument that the trial court failed to make a finding that one of the factors in R.C. 2929.14(C)(4)(a) through (c) applied, we disagree. Although the trial court's findings at the sentencing hearing do not recite the statutory language verbatim, the trial court findings are consistent with R.C. 2929.14(C)(4)(b). The trial court found at the sentencing hearing that consecutive sentences were necessary to protect the public from future crimes and to punish appellant, the seriousness of the offenses required consecutive sentences, and the danger he posed to the public was great. These findings are sufficient to fulfill the elements of R.C. 2929.14(C)(4)(b). Even though the trial court employed the language more so of R.C. 2929.14(C)(4), rather than the specific language of (C)(4)(b), there is a "high degree of overlap between these two sections of the statute," and the trial court's use of the specific language of one of these sections rather than the other "does not alter our perception that the trial court conducted the necessary" analysis and made both required findings. *State v. Fields*, 10th Dist. No. 16AP-417, 2017-Ohio-661, ¶ 20, citing *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311 (7th Dist.) (finding that due to the overlap in the language of the statute between the finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and the finding that no single prison term adequately reflects the seriousness of the offender's conduct, it is theoretically possible for a trial court to make the appropriate findings, even without tracking the precise language of the statute). In addition, the trial court's comments demonstrate it found that appellant committed his crimes as part of one or more courses of conduct under R.C. 2929.14(C)(4)(b). The court referred to appellant's conduct in terms of "offenses" after having found that he was in a position of trust as her step-grandfather and a minister in the community. *See Price* at ¶ 39 (finding comments the defendant committed the same crime twice in the same day constituted a finding that appellant committed his crimes as part of one or more courses of conduct). Based on the above rationale and the trial court's findings, we conclude the trial court engaged in the

correct analysis and made the required findings of both R.C. 2929.14(C)(4) and (C)(4)(b) at the sentencing hearing.

{¶ 18} The record also supports such findings. The heinous nature of appellant's sexual abuse of his own step-granddaughter, his position of authority over her as her step-grandfather, his position of trust in the community as a church minister, the victim's young age, the damaging psychological effect on the victim, and the frequency of the abuse, all support a finding that the harm caused by appellant's multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of appellant's conduct. Therefore, we find no error with the trial court's imposition of consecutive sentences.

{¶ 19} However, the state acknowledges the trial court's sentencing entry does not demonstrate compliance with *Bonnell*. Pursuant to *Bonnell* "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30. *See also Fields* at ¶ 23. Therefore, we sustain appellant's second assignment of error in part and overrule it in part, and we remand this case to the trial court for a nunc pro tunc judgment entry incorporating the findings stated on the record.

{¶ 20} Accordingly, appellant's first assignment of error is overruled, his second assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded for the trial court to issue a nunc pro tunc judgment entry incorporating the findings stated on the record.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————————