[Cite as *State v. Muhammad*, 2021-Ohio-2244.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-242<br>(C.P.C. No. 16CR-6342) |
| v. | : | &<br>No. 20AP-243<br>(C.P.C. No. 19CR-5159) |
| Charles Muhammad, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on June 30, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued:** *Ian J. Jones.*

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Charles Muhammad, appeals from the judgments of the Franklin County Court of Common Pleas sentencing him to an aggregate 54 months term of imprisonment following entry of his guilty pleas to two counts of vehicular assault in Franklin C.P. No. 16CR-6342, and one count of failure to appear on a recognizance in Franklin C.P. No. 19CR-5159. For the reasons explained below, we affirm.

{¶ 2} On November 14, 2016, appellant was indicted in Franklin C.P. No. 16CR-6342 on two counts of vehicular assault, both fourth-degree felonies. The indictment alleged that appellant, while recklessly operating a motor vehicle, caused serious physical harm to Danielle Bentley and Matthew McVey.

{¶ 3} On February 24, 2017, appellant was indicted in Franklin C.P. No. 17CR-1141 for possession of heroin and possession of cocaine, each of which is a fifth-degree felony in violation of R.C. 2925.11.[1] Both violations were alleged to have occurred on February 19, 2016.

{¶ 4} On July 8, 2019, appellant entered guilty pleas to both fourth-degree felony counts of vehicular assault. Appellant also plead guilty to two first-degree misdemeanor counts of attempted possession of drugs as lesser-included offenses in Franklin C.P. No. 17CR-1141. At the July 8, 2019 plea hearing, the state presented the facts of case nos. 16CR-6342 and 17CR-1141 as follows. On February 19, 2016, at about 11:30 p.m., officers were watching a house known for drug activity. The officers observed appellant stop at the house and made contact with him. After appellant provided his information, officers searched the vehicle using a K-9 unit and found cocaine and heroin.

{¶ 5} Six days later, on February 25, 2016 at about 9:30 p.m., appellant was driving a vehicle westbound on East Hudson Street approaching North 4th Street, when he rear-ended a vehicle stopped at the intersection. Inside the stopped vehicle were Bentley, who was driving and 21 years old at the time, and McVey, who was a passenger and 23 years old at the time. The crash caused both Bentley and McVey to lose consciousness, and both were transported to the hospital with life-threatening conditions. McVey sustained a broken left leg, broken ribs, and numerous facial fractures. Bentley sustained severe head trauma resulting in permanent brain damage. At the time of the crash, Bentley and McVey were engaged to be married, but at the time of the hearing they were no longer engaged.

{¶ 6} A traffic crash reconstruction and speed analysis showed that appellant was travelling at least 61 m.p.h. at the time he struck Bentley's vehicle. Appellant tested positive for cocaine metabolites at the hospital.

{¶ 7} At the July 8, 2019 hearing, the trial court accepted appellant's guilty pleas, indicated it would be ordering a pre-sentencing investigation ["PSI"] and scheduled sentencing for August 22, 2019. The trial court then ordered appellant to provide a urine sample and return to the courthouse to await the test results. The results were reported as positive for cocaine. Counsel for appellant made a statement on his behalf, stating that

---

[1] Franklin C.P. No. 17CR-1141 is not a subject of this appeal and therefore the record does not include this indictment. The court, however, may take judicial notice of the filings in the case.

appellant "vigorously denies that there's any cocaine in his system" and that he believed appellant hadn't used cocaine "in 10 or 12 years." (July 8, 2019 Tr. at 16.) Defense counsel further stated that the drugs that were found in appellant's possession in 2016 "were in his possession because of some soliciting prostitutes that he may have engaged with at this point" and were not for appellant's own consumption. *Id.* Defense counsel further suggested that, based on a "Google search" he had conducted earlier that morning, he believed the urine sample may have tested as a "false positive for cocaine" due to the prescription Zoloft appellant was taking at the time. *Id.*

{¶ 8} The trial court initially indicated appellant's bond would be revoked and the test sent out for "confirmatory results." (Tr. at 17-18.) After appellant was given the opportunity to address the court, however, the trial court reconsidered revocation and instead ordered appellant to return to court the next morning at 9:00 a.m. to provide another urine sample for testing. The trial court stated that if appellant failed to appear, he would "do all three years in prison." *Id.* at 22 The trial court also stated that if the test again came back positive, "you're getting locked up tomorrow." *Id.* The record does not contain any information regarding whether appellant appeared the next day as ordered, whether he provided another urine sample for testing, or the results of any test which may have been conducted.

{¶ 9} On August 22, 2019, appellant failed to appear for the sentencing hearing. A capias was issued in each of the two cases for failure to appear. Appellant's bail in the amount of $1000 recognizance was forfeited at this time as well.

{¶ 10} On October 7, 2019, appellant was indicted in Franklin C.P. No. 19CR-5159 on two counts of failure to appear as required by recognizance, both fourth-degree felonies in violation of R.C. 2937.99. A warrant was issued for appellant's arrest. Later, on March 12, 2020, appellant plead guilty to one count of failure to appear. Sentencing was scheduled in all three cases for April 9, 2020.

{¶ 11} At the April 9, 2020 sentencing hearing, the state reiterated the facts of the cases initially presented at the July 8, 2019 plea hearing and further described the physical, emotional, and economic harm caused to Bentley and McVey, including the fact that Bentley spent months in a rehabilitation center, was unable to walk and permanently in a wheelchair, and had to be taken care of by others. The state also pointed out appellant's

drug conviction in case no. 17CR-1141, the fact that appellant had failed to appear at the originally scheduled sentencing hearing, and appellant's apparent failure to fully accept responsibility for his actions as evinced during the PSI. The state argued that, although there was a presumption of community control for the fourth-degree felony charges, a prison sanction was warranted due to the significant injuries, trauma, and economic damages sustained by the victims.

{¶ 12} Bentley's father and brother next separately addressed the trial court and made statements on Bentley's behalf. Both described Bentley's severe and permanent injuries and the lasting effect they had on their family.

{¶ 13} Counsel for appellant then addressed the trial court, stating that appellant did not intentionally cause the crash and that he himself was also injured in the crash. Defense counsel explained that appellant was married and took care of his wife, who had health issues. He further stated that appellant was employed currently and had previously worked as a drug counselor. Defense counsel urged the trial court to sentence appellant to work release at Alvis House.

{¶ 14} Appellant next spoke on his own behalf, apologizing to the victims and their families and stating he never meant to hurt anyone. Appellant stated he had been "clean[]" for ten years and "did not use that fatal day or night." (Apr. 9, 2020 Tr. at 18.)

{¶ 15} The trial court then recounted appellant's extensive criminal record which dated back to over 20 years. The court observed that appellant's "adjustment to probation in the past has not been the best." *Id.* at 19-20. The court next explained that, while it tries to give credit to defendants who plead guilty, appellant would receive no credit because he had failed to appear at sentencing and the court felt he had failed to accept full responsibility. The court stated that appellant "devastated lives here" and "I can't believe I can only give you four and a half years, to be honest. I wish I could give you ten because I would." *Id.* at 20.

{¶ 16} Ultimately, the trial court sentenced appellant to 18 months for the count of failure-to-appear, and 18 months for each of the counts of vehicular assault, all to be served consecutively, for a total of 54 months in prison. The court also ordered restitution in the amount of $357,000. The court imposed the discretionary 3-year post-release control term, as well as a mandatory 5-year driver's license suspension.

{¶ 17} The trial court specifically explained its reasoning behind the imposition of consecutive prison sentences, noting that appellant had failed to appear for sentencing; that consecutive prison terms are necessary and not disproportionate because the harm was so great or unusual that a single term does not adequately reflect the seriousness of appellant's conduct; and because appellant's criminal history shows consecutive terms are needed to protect the public.

{¶ 18} The judgment entries in both Franklin C.P. Nos. 16CR-6342 and 19CR-5159 contain the following findings:

> The Court made factual findings on the record to support all of the following as it relates to a consecutive sentence. The Court finds that this consecutive sentence is necessary to protect the public from future crimes or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and the offender committed one or more of the multiple offenses while awaiting trial or sentencing.

> Further, two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Finally, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} Appellant timely appeals from the foregoing judgment entries and sets forth the following two assignments of error for this court's review:

> [I]. The record does not support the trial court's findings to impose consecutive sentences under R.C. 2929.14(C)(4) and R.C. 2929.41(A), and mandated by the Ohio Supreme Court in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

> [II]. The trial court erred in imposing the maximum sentences for each count when the record did not support the findings of the various factors required by [R.C.] 2929.12.

{¶ 20} We begin by observing that pursuant to R.C. 2953.08(G)(2), an appellate court will reverse a trial court's sentencing decision "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. This court must "look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law." *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 4.

{¶ 21} In his first assignment of error, appellant contends the trial court erred because the record does not support the trial court's findings required to impose consecutive sentences under R.C. 2929.14(C)(4) and 2929.41(A). We disagree.

{¶ 22} " 'Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently.' " *State v. Guy*, 10th Dist. No. 17AP-322, 2018-Ohio-4836, ¶ 56, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). A trial court may, in its discretion, impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.* Before imposing consecutive sentences, the trial court must find that: (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 23} In *Bonnell*, the Supreme Court of Ohio held that a trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus. Nor is the trial court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37. "[A] word-for-word recitation of the language of the statute is not required," and "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 24} "In determining whether the trial court engaged in the correct analysis, an appellate court 'may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings.' " *State v. Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 8, quoting *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22 citing *Bonnell* at ¶ 29. Furthermore, "once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22.

{¶ 25} Here, a review of the sentencing transcript readily reveals the trial court made all the factual findings required by R.C. 2929.14(C)(4) and that the trial court explained its

reasoning for imposing consecutive sentences. Furthermore, we do not find, clearly and convincingly, that the record fails to support the trial court's findings or that the sentence is otherwise contrary to law. Indeed, contrary to appellant's assertion, we find there was more than ample evidence in the record to support the trial court's findings and imposition of consecutive sentences under R.C. 2929.14(C)(4) and 2929.41(A) and as mandated by the Supreme Court in *Bonnell*, 2014-Ohio-3177. Accordingly, appellant's first assignment of error is overruled.

{¶ 26} In his second assignment of error, appellant contends the trial court erred in imposing maximum sentences for his offenses for each count when the record did not support the findings of the various factors required by R.C. 2929.12. Again, we disagree.

{¶ 27} "A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. J.L.H.*, 10th Dist. No. 19AP-369, 2019-Ohio 4999, ¶ 5, citing *State v. Santos*, 8th Dist. No. 103964, 2016-Ohio-5845, ¶ 12. "Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range." *Id.* Likewise, "[t]here is no requirement in R.C. 2929.12 that the trial court states on the record it has considered the statutory criteria concerning seriousness and recidivism or even discussed them." *Id.*, citing *State v. Hayes*, 5th Dist. No. 18CA10, 2019-Ohio-1629, ¶ 49, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶ 28} As we have previously observed, the " ' "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." ' " *J.L.H.*, 2019-Ohio-4999 at ¶ 6, quoting *State v. Smith*, 3d Dist. No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting R.C. 2929.11(A). " 'In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." ' " *Id.*, quoting *Smith* at ¶ 10, quoting R.C. 2929.11(A). " 'In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood

of the offender's recidivism.' " *Id.*, quoting *Smith* at ¶ 10, citing R.C. 2929.12(A).  " ' "A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." ' " *Id.*, quoting *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶ 29}  Here, we find appellant's sentences are within the permissible statutory range and that the record shows the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12.  Furthermore, the court's judgment entry specifically indicates that the court considered the purposes and principles of sentencing set forth in R.C. 2929.11, the factors set forth in R.C. 2929.12, and that it weighed the factors as required by R.C. 2929.13 and 2929.14.  This court has consistently held that a trial court's inclusion of language in a sentencing entry affirmatively stating that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 defeats any claim that the trial court failed to consider those statutory guidelines.  *See, e.g.*, *State v. Maxwell,* 10th Dist. No. 18AP-341, 2019-Ohio-2191, wherein we stated, " '[t]he inclusion of such language in a judgment entry belies a defendant's claim that the trial court failed to consider the R.C. 2929.12 factors.' " *Id.* at ¶ 7, quoting *State v. Anderson,* 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 11.  *See also State v. Frederick,* 10th Dist. No. 13AP-630, 2014-Ohio-1960, ¶ 14, citing *State v. Ibrahim,* 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 10, citing *State v. Peterson,* 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31.  Thus, the trial court clearly complied with the requirements of R.C. 2929.11 and 2929.12.

{¶ 30}  Moreover, to the extent appellant argues that the record does not support the trial court's imposition of maximum sentences and that the maximum sentences were too harsh, we observe that the trial court explained that it was imposing the maximum sentence for each offense due to appellant's extensive criminal history which dated back to over 20 years, because appellant had failed to appear at the first scheduled sentencing, because the court felt appellant failed to accept full responsibility for his actions, and because appellant had "devastated lives" in this case.  As noted previously, a trial court has broad discretion to assign weight to any of the factors in R.C. 2929.12.  *Anderson,* 2017-Ohio-7375, at ¶ 14 (trial court, in exercising sentencing discretion, determines weight afforded to any

particular statutory factors, mitigating grounds, or other relevant circumstances); *Maxwell* at ¶ 8.

{¶ 31} We further note that appellant does not argue that the sentences were outside the range of sentences established by statute. Merely because the trial court imposed more than the minimum sentence for each offense does not render the imposition of sentence contrary to law. *Maxwell* at ¶ 8, citing *State v. Robinson,* 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 18 (a trial court does not abuse its discretion in imposing the maximum sentence where that sentence is within the statutory range of permissible sentences). Accordingly, appellant's second assignment of error is overruled.

{¶ 32} Therefore, having overruled appellant's first and second assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

KLATT and MENTEL, JJ., concur.

———————————