[Cite as *State v. Cragwell*, 2025-Ohio-2211.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240640 |
| | | TRIAL NO. B-2302358 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| KIMBERLY CRAGWELL, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/25/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240640 |
| | | TRIAL NO. B-2302358 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| KIMBERLY CRAGWELL, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 25, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**ZAYAS, Judge.**

**{¶1}** After pleading guilty, Kimberly Cragwell was convicted of obstructing justice in violation of R.C. 2921.32(A)(5), a felony of the third-degree. She now appeals, and in two assignments of error, she contends the court erred in imposing a maximum sentence and by failing to protect her due-process rights at the sentencing hearing. For the following reasons, we affirm the judgment of the trial court.

### Maximum Sentence

**{¶2}** When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(C). *State v. Marcum*, 2016-Ohio-1002, ¶ 9. Under R.C. 2953.08(C)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. "But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *State v. Jones*, 2020-Ohio-6729, ¶ 29.

**{¶3}** R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* Although trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under either of the statutes. *Id.* at ¶ 20. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.); *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.).

**{¶4}** Cragwell argues that the record does not support the imposition of a maximum sentence in this case because under R.C. 2929.12(B) not a "single 'more serious' factor is present" and "several mitigating or 'less serious' factors were present," including the factor that the offense was committed under circumstances not likely to recur. Here, the trial court expressly considered that the crime involved lying to a police officer two successive times and telling the truth after being confronted. The court properly considered the corrosiveness of lies. *See* R.C. 2929.12(B) (allowing the trial court to consider "any other factors" regarding the offender or offense).

**{¶5}** Cragwell's argument seems to be based on the premise that this court can independently weigh the applicable sentencing considerations contained in R.C. 2929.12. However, as the Ohio Supreme Court held, this court is not permitted "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

**{¶6}** Cragwell acknowledges that she has a past criminal record and that the recidivism-more-likely factors under R.C. 2929.12(D)(2) are present. She also asserts that, under the recidivism-less-likely factors in R.C. 2929.12(E)(4), this offense was committed under circumstances not likely to recur.

**{¶7}** As required by R.C. 2929.12(D), the court considered the factors indicating the offender is likely to commit future crimes. The court stated that the "case came down to recidivism" and chastised her "utterly abysmal" record, and that "whatever Ms. Cragwell did to facilitate or put forth the actions that ended in Mr. Sweeney's death, that is not the crime she's charged with." While Cragwell asserts that the court's sentence was based on Sweeney's death, the court made it clear, multiple times, that the sentence was based solely on her conduct in this case and past criminal

history. Cragwell has an extensive criminal history, and the maximum sentence complies with R.C. 2929.11 by protecting the public and punishing the offender without imposing an unnecessary burden on state or local government resources. *See State v. Buckhanon*, 2022-Ohio-683, ¶ 27 (8th Dist.). For example, in *State v. Muhammad*, 2021-Ohio-2244 (10th Dist.), the court held that the maximum sentence imposed due to defendant's extensive criminal history was within the court's discretion. *Id*. at ¶ 30.

**{¶8}** The record demonstrates that before imposing sentence, the trial court received and reviewed a presentence-investigation report, reviewed Cragwell's extensive criminal history, and heard statements from the prosecutor, defense counsel, and Cragwell. The trial court imposed a sentence within the statutory range for a third-degree felony.

**{¶9}** Accordingly, Cragwell has not affirmatively demonstrated that the court failed to consider the statutory factors. Therefore, we cannot conclude that Cragwell's sentence was contrary to law.

**{¶10}** We overrule the first assignment of error.

### Due Process

**{¶11}** In her second assignment of error, Cragwell contends that the trial court erred by failing to protect her due-process rights by hearing testimony regarding uncharged criminal conduct. Cragwell argues that the "sentencing proceedings were 'fundamentally unfair' because non-victims were permitted to speak against her on extraneous matters that were not relevant to the imposition of a just sentence. (See First Assignment of Error)."

**{¶12}** Relying on the arguments made in the first assignment of error, Cragwell merely asserts that the sentencing proceedings were "fundamentally unfair"

5

and does not develop a due-process argument beyond this or provide any legal citation in support of the asserted due-process violation.

**{¶13}** During the sentencing, Cragwell acknowledged the harm to the Sweeney family when she apologized to them during the hearing and previously did not object to the decedent's brother's letter to the court. Moreover, in a prior proceeding, the parties acknowledged who was the victim of the crime charged, and the court reiterated multiple times that it was aware of whom the victim was, and that the sentence was based solely on Cragwell's conduct and history.

**{¶14}** As discussed in the first assignment of error, the record in this case does not suggest that any due-process violations occurred that undermined the integrity of the proceedings. The second assignment of error is overruled.

## Conclusion

**{¶15}** Having overruled Cragwell's two assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **NESTOR, J.,** concur.