[Cite as *State v. Lake*, 2021-Ohio-4623.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellant,          :          No. 20AP-549
                                           (C.P.C. No. 19CR-3809)

v.                                            :

                                            (REGULAR CALENDAR)

Robert L. Lake,                                :

      Defendant-Appellee.           :

---

D E C I S I O N

Rendered on December 30, 2021

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Sarah V. Edwards* for appellant.

**On brief:** *Yeura Venters,* Public Defender, and *Ian J. Jones*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the November 3, 2020 decision and entry of the Franklin County Court of Common Pleas convicting defendant-appellee, Robert L. Lake, of three counts of burglary, in violation of R.C. 2911.02. Because the trial court improperly sentenced appellee to a definite prison term in contravention of the Reagan Tokes Act, we reverse.

I. **FACTS AND PROCEDURAL HISTORY**

{¶ 2} On September 10, 2020, appellee entered a plea of guilty before the trial court, via video conference, to counts two, five, and eight of the indictment for robbery in violation of R.C. 2911.02, each count a felony in the second-degree in Case no. 19-CR-3809. Upon application of appellant, a nolle prosequi was entered for counts one, three, four, six,

seven, and nine of the indictment. The trial court found appellee guilty of the charges to which the plea was entered. The parties made a joint recommendation that the sentence on each count should run concurrently. Appellee was released on house arrest and a pre-sentence investigation was ordered.

{¶ 3} During the sentencing colloquy, the trial judge inquired of appellee if he understood that he could be sentenced to a minimum of 2 years and a maximum of 12 years for each count of the indictment to which he was pleading up to a maximum sentence of 36 years. Appellee responded in the affirmative.

{¶ 4} On November 3, 2020, appellee was sentenced to a definite term of six years as to each count to be served concurrently at the Ohio Department of Rehabilitation and Corrections ("ODRC"). Appellee was awarded 413 days of jail-time credit toward his sentence. After imposing sentence, the trial court advised appellee that he was subject to three years of mandatory post-release control and the consequences of any violation. It is from this judgment that appellant now appeals. Appellee filed a notice of cross-appeal. However, on June 22, 2021, we issued a journal entry granting appellee's motion to voluntarily dismiss the cross-appeal.

## II. ASSIGNMENT OF ERROR

{¶ 5} The state assigns the following as trial court error:

> [1.] THE TRIAL COURT ERRED IN IMPOSING A DEFINITE PRISON TERMS FOR DEFENDANT'S CONVICTIONS, IN CONTRAVENTION OF THE REAGAN TOKES ACT (RTA).

## III. LEGAL ANALYSIS

{¶ 6} In appellant's sole assignment of error, appellant argues that the trial court erred when it imposed a definite prison term of six years as to counts two, five, and eight, in violation of the Reagan Tokes Act. We agree.

{¶ 7} This court has undertaken a critical review determining when an indeterminate sentence is to be imposed by a trial court at a criminal defendant's sentencing. "Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the 'Reagan Tokes Law,' was enacted in 2018 and went into effect on March 22, 2019." *State v. Jones,* 7th Dist. No. 20 MA 0059, 2021-Ohio-1164, ¶ 18. "The new law, ' "significantly altered the sentencing structure for many of Ohio's most serious felonies" by implementing an indefinite

sentencing system for those non-life felonies of the first and second degree, committed on or after the effective date.' " *Id.* at ¶ 18, quoting *State v. Polley,* 6th Dist. No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1, quoting The Ohio Criminal Sentencing Commission, SB 201— *The Reagan Tokes Law Indefinite Sentencing Quick Reference Guide,* July 2019, citing R.C. 2929.144(A). "Under the Reagan Tokes Law, 'first-and second-degree felonies committed on or after March 22, 2019 are now subject to the imposition of indefinite sentences.' " *Jones* at ¶ 18, quoting *Barnes at* ¶ 28. *See also State v. McFadden*, 10th Dist. No. 20AP-179, 2021-Ohio-2204, at ¶ 51.

{¶ 8} Under the Reagan Tokes Law, an indefinite prison term must be imposed by the trial court for qualifying first and second-degree felonies. The prison term "consist[s] of a stated minimum prison term as selected by the trial court from a range of prison terms set forth in R.C. 2929.14(A) and a maximum prison term for qualifying first-and second-degree felonies as determined by the trial court from formulas set forth in R.C. 2929.144." *Jones* at ¶ 19, citing *Barnes* at ¶ 28. *McFadden at* ¶ 52.

{¶ 9} R.C. 2929.144(B)(1) provides, in relevant part, "[i]f the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term." The term "qualifying felony of the first or second degree" is defined as "a felony of the first or second degree committed on or after the effective date of [R.C. 2929.144]." R.C. 2929.144(A). *McFadden. at* ¶ 53.

{¶ 10} Under R.C. 2967.271(B), the offender's presumptive release date is the date the offender completes the minimum prison term. However, if ODRC successfully rebuts the offender's presumptive release date at an administrative hearing, ODRC may continue to confine the offender for an additional period not to exceed the maximum prison term imposed by the trial court. R.C. 2967.271(C). *McFadden. at* ¶ 54.

{¶ 11} R.C. 2953.08 "specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) provides, in relevant part, as follows:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

*State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 12.

{¶ 12} R.C. 2953.08(G)(2) commands us to employ the clear and convincing evidence standard. *McFadden* at ¶ 56, citing *Jones,* 2021-Ohio-1164, at ¶ 17, citing *Marcum* at ¶ 22. *See also State v. McCallum*, 10th Dist. No. 19AP-796, 2021-Ohio-2938, ¶ 64. Both appellant and appellee agree the sentence is contrary to law necessitating a new sentencing hearing. Because the trial court imposed a definite prison term for a second-degree felony committed after March 22, 2019, the sentence violates the Reagan Tokes Act and is contrary to law. *McFadden* at ¶ 57, citing *Jones* at ¶ 17; R.C. 2953.08(G)(2)(b). Accordingly, we sustain appellant's sole assignment of error.

## IV. CONCLUSION

{¶ 13} The judgment of the trial court is reversed, and this cause is remanded for the trial court to hold a new sentencing hearing and impose both a minimum and maximum prison term as to counts two, five and eight of the indictment in conformity with the new indefinite sentencing law.

*Judgment reversed and remanded.*

SADLER and BEATTY BLUNT, JJ., concur.

_____