[Cite as *State v. Peoples*, 2022-Ohio-953.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                     :

        Plaintiff-Appellee,               :                No. 21AP-45
                                                      (C.P.C. No. 15CR-6418)

v.                                                :                No. 21AP-46
                                                      (C.P.C. No. 20CR-1611)

Brian Anthony C. Peoples,                          :

        Defendant-Appellant.             :        (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on March 24, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Carpenter Lipps & Leland LLP*, *Kort Gatterdam* and *Erik P. Henry*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} In these consolidated appeals,[1] defendant-appellant, Brian Anthony C. Peoples, appeals from judgments of the Franklin County Court of Common Pleas revoking his community control in Franklin C.P. No. 15CR-6418 ("15CR-6418") and imposing an 8-year prison sentence to be served consecutively to an 18-month prison sentence imposed in Franklin C.P. No. 20CR-1611 ("20CR-1611"). For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

---

[1] By journal entry filed February 9, 2021, this court sua sponte consolidated the appeals docketed under case Nos. 21AP-45 and 21AP-46 for purposes of filing, briefing, oral argument, and determination.

{¶ 2}   On December 30, 2015, plaintiff-appellee, state of Ohio, charged appellant in 15CR-6418 with two counts of felonious assault in violation of R.C. 2903.11, both second-degree felonies; each included a three-year firearm specification under R.C. 2941.145(A). Appellant pleaded not guilty to the charges.

{¶ 3}   At a plea hearing held August 3, 2016, the prosecutor advised the trial court that appellant would withdraw his not guilty plea and enter a guilty plea to both counts in the indictment, with Count 1 carrying a lesser-included one-year firearm specification under R.C. 2941.141 and Count 2 carrying no firearm specification. Further, pursuant to the plea agreement, the parties jointly recommended a split sentence consisting of four years imprisonment on Count 1 (three years for felonious assault plus one year mandatory on the firearm specification), to be followed by a term of community control (to be determined by the court) on Count 2. In addition, the parties jointly recommended that if appellant violated the terms of his community control, he "shall be sent to [Ohio Department of Rehabilitation and Correction] for an additional eight years." (Aug. 3, 2016 Plea/Sentencing Proceedings Tr. at 3; Aug. 3, 2016 Entry of Guilty Plea at 1.)

{¶ 4}   Thereafter, the prosecutor recited the following facts. On October 7, 2015, Patricia Laster and her granddaughter parked outside a store and exited their vehicle. Appellant was among a group of people in the area and exchanged gunfire with an unknown individual. Laster and her granddaughter were caught in the crossfire and sustained gunshot wounds to their legs. The granddaughter recognized appellant as a person with whom she went to school and subsequently identified him in a photo array. Defense counsel offered no additions or exceptions to these facts.

{¶ 5}   The trial court then engaged appellant in a Crim.R. 11 colloquy, advised him of the details of the jointly recommended split sentence, and inquired as to his understanding of that sentence. Appellant averred that he understood the sentence and was satisfied with defense counsel's representation. The trial court obtained assurances from both appellant and his counsel that appellant was entering his pleas knowingly, voluntarily, and intelligently. Appellant then pleaded guilty in accordance with the plea agreement. The trial court accepted appellant's guilty pleas, imposed the jointly recommended split sentence, and entered a nolle prosequi as to the firearm specification in Count 2. The trial court commented that the split sentence was appropriate, as appellant "is suffering some significant consequences for his actions, but yet it certainly gives him an opportunity to

move forward with his life, given the young man that he is."  (Aug. 3, 2016 Tr. at 17.)  The court memorialized appellant's conviction and sentence in a judgment entry filed August 10, 2016.  Appellant did not appeal.

{¶ 6}  On February 14, 2020—after appellant had served his four-year prison term on Count 1 and was on community control on Count 2—the trial court[2] declared appellant an absconder from community control and issued a capias for his arrest.  On March 30, 2020, appellant was arrested on the community control violation and new charges.

{¶ 7}  On April 7, 2020, appellant was indicted in 20CR-1611 on two counts of having weapons while under disability in violation of R.C. 2923.13 ("WUD"), both third-degree felonies.   Count 1 included a 54-month firearm specification under R.C. 2941.145(D), and Count 2 included an 18-month firearm specification under R.C. 2941.141(D).  Appellant pled not guilty to the charges.

{¶ 8}  On May 6, 2020, appellant's probation officer in 15CR-6418 sought revocation of appellant's community control based on the following violations: (1) failure to report to the probation department following release from prison; (2) indictment on two counts of WUD in 20CR-1611; and (3) a misdemeanor conviction in a separate case.

{¶ 9}  At a plea hearing held in 20CR-1611 on November 9, 2020, the prosecutor advised the trial court that appellant would withdraw his not guilty pleas and enter a guilty plea to Count 1 with no firearm specification.  As part of the plea agreement, the parties jointly recommended a prison term of 18 months.  The parties also agreed to "argue out the sentence" for the community control violation in 15CR-6418.  (Nov. 9, 2020 Plea/Bond Hearing at 3.)  After ascertaining appellant's understanding of the joint sentencing recommendation, the trial court engaged in a Crim.R. 11 colloquy with appellant and obtained assurances from appellant and his counsel that appellant's guilty plea was being entered in a knowing, voluntary, and intelligent manner.

{¶ 10} The prosecutor then offered the following facts.   Appellant was under weapons disability pursuant to his convictions in 15CR-6418.  On March 30, 2020, police officers responding to a robbery call patted down appellant and found a gun on his person; another gun was found inside the house.  Appellant told the officers that his DNA would

---

[2]  A successor trial judge replaced the original trial judge in 2019.

probably be on both guns because he had handled them.  Defense counsel offered no additions or exceptions to these facts.

{¶ 11}  Appellant entered a guilty plea in accordance with the plea agreement.  The trial court accepted appellant's guilty plea, imposed the jointly recommended 18-month sentence, and entered a nolle prosequi on the firearm specification in Count 1 and the WUD charge and firearm specification in Count 2.  The trial court ordered a presentence investigation ("PSI") report and set sentencing for December 3, 2020.

{¶ 12}  The sentencing hearing was continued until February 3, 2021, at which time the trial court addressed both 20CR-1611 and the revocation of community control in 15CR-6418.  At the outset, the trial court related what had occurred in the 15CR-6418 case. To that end, the trial court averred that original defense counsel had argued that the split sentence recommended by the parties and imposed by the trial court was illegal pursuant to the Supreme Court of Ohio's decision in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, which held that "unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count."  *Id.* at ¶ 1.  The trial court, original defense counsel, and the prosecutor subsequently exchanged informal emails regarding the issue.[3] According to the trial court, the emails indicated that the eight-year prison term on Count 2 in 15CR-6418 was "still in play" and that the salient issue was whether appellant's community control could be revoked or whether appellant would have to be resentenced. (Feb. 3, 2021 Tr. at 5.)  The trial court further noted that the matter had been continued to allow appellant's new counsel to review the facts of the case and the pertinent law.

{¶ 13}  Following the trial court's averments regarding the history of 15CR-6418, the prosecutor acknowledged original defense counsel's citation to *Hitchcock.* However, the prosecutor argued that the Supreme Court's subsequent decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913 "changed the case law regarding * * * void or voidable sentence[s]," thus permitting the trial court to either revoke appellant's community control on Count 2 and impose the eight-year sentence or resentence him on Count 2.  (Feb. 3, 2021 Tr. at 7).  Defense counsel agreed with the prosecutor but argued that the trial court should

---

[3] The trial court averred that the email exchanges occurred while the Covid-19 pandemic prohibited in-person court appearances.  We note that the emails are not part of the record on appeal; hence, we know neither the dates the emails were exchanged nor the contents of those emails.

consider the fact that the original trial judge had concluded that a prison term was unnecessary on Count 2; thus, the sentence imposed on Count 2 in 15CR-6418 should either be concurrent to any sentence imposed in 20CR-1611 or "set to be no time at all." *Id.* at 9.

{¶ 14} Thereafter, the trial court asked defense counsel to opine as to whether the court should treat Count 2 as a revocation or as "a whole new resentencing on the count." *Id.* Defense counsel responded, "I think it can be either/or, in my opinion. That's probably the safest way to do it." *Id.* at 10. The prosecutor contended that treating the matter as a revocation would be "cleaner; because then we don't have to go back, resentence on Count 1, even though it would have been time served, and then go from here." *Id.* Defense counsel then stipulated to the community control violation. Based upon that stipulation, the trial court found appellant in violation of his community control.

{¶ 15} Thereafter, the prosecutor, responding to defense counsel's assertion that the original trial judge concluded that prison was unnecessary on Count 2, related the background leading to the imposition of the split sentence in 15CR-6418. To that end, the prosecutor averred that after discussions with both counsel, the original judge proposed the split sentence as an alternative to imposing a sentence of over five years, which, at the time, would have barred appellant from eligibility for judicial release. The original trial judge reasoned that a four-year prison term followed by community control would provide appellant an opportunity to demonstrate that he could "make something of himself." *Id.* at 14. After relating this background, the prosecutor argued for a prison term consecutive to the 18-month term in 20CR-1611, noting that appellant had committed multiple firearm offenses and that his statements in the PSI interview demonstrated the danger he poses to the public.

{¶ 16} In response, defense counsel noted that the prosecutor's recitation of the background leading to the imposition of the split sentence in 15CR-6418 was not part of the record; in addition, he was not present during the discussions with the original trial judge. He then reasserted his position that the original trial judge concluded that a prison term was unnecessary on Count 2.

{¶ 17} Defense counsel also provided the following additional facts related to 20CR-1611. Appellant was unarmed when he went to the house to retrieve an X-box game that had been stolen from him. While in the house, someone handed him a firearm. Counsel noted that appellant admitted that he handled the firearm and had been forthright during

his PSI interview. Counsel reiterated his position that appellant should be sentenced to time served in 15CR-6418 and that any sentence imposed in that case should run concurrent to the jointly recommended 18-month sentence in 20CR-1611.

{¶ 18} In 20CR-1611, the trial court imposed the jointly recommended 18-month sentence on Count 1 and entered a nolle prosequi as to the firearm specification in Count 1 as well as the WUD charge and accompanying firearm specification in Count 2. In 15CR-6418, the court first noted that it had reviewed the transcripts of the plea and sentencing hearing in that case and found the original trial judge's thoughts and intentions in imposing the split sentence not relevant for purposes of the revocation hearing. The trial court further noted that the transcripts clearly indicated that appellant would be sent to prison for an additional eight years if he violated the terms of his community control. Accordingly, the trial court revoked appellant's community control and imposed the eight-year sentence. The court ordered the sentences in 15CR-6418 and 20CR-1611 to be served consecutively for a total prison term of nine and one-half years. The court found that consecutive sentences "are appropriate; that it's necessary to punish the offender, to protect the public from future crime. It's not disproportionate to the seriousness of the conduct, and that the offender's criminal history demonstrates consecutive sentences are necessary to protect the public." *Id.* at 26.

{¶ 19} The court memorialized appellant's conviction and sentence in 20CR-1611 in a judgment entry filed February 3, 2021. That same day, the trial court issued a "Revocation Entry" in 15CR-6418 memorializing his conviction and sentence.

{¶ 20} Appellant timely appeals both judgments, setting forth four assignments of error for review:

> [I]. The trial court erred in revoking the community control term of an illegally imposed sentence.
>
> [II]. Defendant-appellant's sentence is not supported by competent, credible evidence in the record in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution and R.C. 2953.08, R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14.
>
> [III]. The trial court's judgment entries failed to include the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4).

[IV]. Appellant was deprived of the effective assistance of trial counsel in violation of Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10 and 16, Article I of the Ohio Constitution.

{¶ 21} In his first assignment of error, appellant contends that the trial court erred in revoking the community control term imposed on Count 2 in 15CR-6418. As noted above, appellant essentially agreed to the prosecutor's proposal that the trial court could either revoke the community control term or conduct a resentencing hearing. As a result, the trial court's alleged error in revoking the community term will be examined for plain error.

{¶ 22} Crim.R. 52(B) states: "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not occur unless, "but for the error, the outcome of the [proceeding] would clearly have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 97 (1978). An appellate court only recognizes plain error under exceptional circumstances, with the utmost caution, and only to prevent a miscarriage of justice. *State v. C.D.S.*, 10th Dist. No. 20AP-355, 2021-Ohio-4492, ¶ 36, citing *State v. Collins*, 10th Dist. No. 20AP-119, 2021-Ohio-1663, ¶ 11.

{¶ 23} Appellant maintains that the split sentence imposed in 15CR-6418 was illegal pursuant to the Supreme Court of Ohio's decision in *Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, which held:

> Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. We accordingly * * * conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

*Id.* at ¶ 24.

{¶ 24} Appellant acknowledges that recent caselaw from this court and other appellate courts addressing *Hitchcock* in light of the Supreme Court's subsequent jurisprudence on void/voidable sentences set forth in *Harper*, 160 Ohio St.3d 480, 2020-

Ohio-2913, and *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, have consistently held that a judgment imposing a split sentence, that is, community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, is voidable, not void, and thus may be set aside only if successfully challenged on direct appeal.

{¶ 25} For example, in *State v. Thompson*, 10th Dist. No. 19AP-359, 2020-Ohio-6756, this court addressed a split sentence imposed in 2010, prior to *Hitchcock.* On direct appeal, Thompson did not raise any issue concerning the split sentence. After his community control was revoked in 2019, Thompson appealed, arguing that under *Hitchcock*, his split sentence was contrary to law. Thompson further contended, relying on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, that because his sentence to a consecutive term of community control was not authorized by statute, his sentence was void and subject to collateral attack at any time. We noted *Fischer's* holding that a sentence which " 'is not in accordance with statutorily mandated terms is void,' " and that " 'void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack.' " *Thompson* at ¶ 10, quoting *Fischer* at ¶ 40.

{¶ 26} We rejected Thompson's contention that the trial court's alleged sentencing error rendered his sentence void and thus subject to collateral attack. We noted that in *Harper,* the Supreme Court of Ohio " 'realign[ed]' its void sentence jurisprudence and returned to the 'traditional understanding of what constitutes a void judgment.' " *Id.* at ¶ 11, quoting *Harper* at ¶ 4. We further observed that under *Harper* " '[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.' " *Id.*, quoting *Harper* at ¶ 42. We also stated that "[w]hen a sentencing court has jurisdiction to act, sentencing errors render the sentence 'voidable, not void, and [the sentence] is not subject to collateral attack.' " *Id.*, quoting *Harper* at ¶ 5. Finally, we noted that " '[i]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court.' " *Id.*, quoting *Henderson* at ¶ 19.

{¶ 27} We determined that the trial court possessed subject-matter jurisdiction over Thompson's case and personal jurisdiction over Thompson. *Id.* at ¶ 12, citing *Harper* at ¶ 25 (common pleas courts have subject-matter jurisdiction over felony cases) and

*Henderson* at ¶ 36 (in criminal matters, a trial court acquires personal jurisdiction by lawfully issued process, followed by the arrest and arraignment of the defendant and the entry of a plea to the charge). We thus found that "any error in the exercise of the trial court's jurisdiction rendered [Thompson's] sentence voidable, not void." *Id.*, citing *State v. Pettus*, 1st Dist. No. C-190678, 2020-Ohio-4449, ¶ 18. We concluded that because Thompson's sentence was voidable, and he "could have, but did not, raise an argument regarding his sentence to a consecutive term of community control in his direct appeal," res judicata barred his claims challenging his original sentence. *Id.* at ¶ 13.

{¶ 28} The Eleventh District Court of Appeals held similarly in *State v. Hall*, 11th Dist. No. 2020-T-0031, 2021-Ohio-791. There, Hall entered guilty pleas to two felonies; the trial court sentenced him to a term of community control consecutive to a prison term. Hall did not appeal. He subsequently pleaded guilty to a community control violation and was sentenced. On appeal from the revocation entry, Hall argued that under *Hitchcock*, the trial court erred by originally imposing a split sentence. The court agreed; however, citing the void/voidable jurisprudence set forth in *Harper* and *Henderson*, and noting that Hall had not asserted that the trial court lacked subject-matter or personal jurisdiction when it originally sentenced him, the court concluded that because the trial court's sentencing error involved the exercise of its jurisdiction, making Mr. Hall's sentence voidable, not void, and since he had failed to raise the error in a direct appeal, he was barred by the doctrine of res judicata from collaterally attacking his original sentence. *Id.* at ¶ 27.

{¶ 29} In *State v. Christy*, 5th Dist. No. 20-CA-29, 2021-Ohio-1470, Christy entered guilty pleas to two felonies in 2008; he was sentenced to a community control term consecutive to a prison term. Christy did not appeal. In 2019, Christy's community control was revoked. On appeal, Christy argued that his 2008 sentence was void pursuant to *Hitchcock* and thus subject to collateral attack. Citing *Harper*, *Henderson*, *Thompson* and *Hall*, the court concluded that Christy's original sentence was voidable, not void; thus, having failed to raise any argument regarding his sentence to a term of community control consecutive to a prison term in a direct appeal, his claims were barred by the doctrine of res judicata. *Id.* at ¶ 27.

{¶ 30} Here, appellant concedes that he did not appeal his split sentence; however, he argues that his claim is not barred by the doctrine of res judicata because, unlike in *Thompson*, *Hall*, and *Christy*, the split sentence imposed in his case was jointly

recommended. Therefore, argues appellant, his ability to appeal was limited by R.C. 2953.08(D)(1), which provides that "[a] sentence imposed upon a defendant is not subject to review under his section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Appellant maintains that "[a]t the time of the 2016 sentencing, case law upheld the validity of community control sentences run consecutively to prison terms." (Appellant's Brief at 11, citing *State v. Hitchcock*, 5th Dist. No. 16-CA-41, 2017-Ohio-8255, ¶ 8-23, *reversed and remanded*, 157 Ohio St.3d 215, 2019-Ohio-3246.) Thus, argues appellant, had he appealed the jointly recommended sentence, this court would have rejected the appeal pursuant to R.C. 2953.08(D)(1). Citing *State v. Delgado*, 8th Dist. No. 102653, 2015-Ohio-5256, ¶ 16, appellant asserts that "while res judicata is a rule of fundamental and substantial justice that can be applied in particular situations as fairness and justice require, it also should **not** be applied so rigidly as to defeat the ends of justice or so as to work an injustice." (Emphasis sic.) (Appellant's brief at 12.) Appellant argues that "[a]pplying res judicata here, when [he] could not have appealed the split sentence, would defeat the ends of justice." *Id.* Appellant maintains that "the remedy here for the illegally imposed split sentence should not have been revocation of community control for Count Two, but instead should have been either resentencing or to allow [appellant] to withdraw his plea pursuant to Crim.R. 32.1 in order to correct a manifest injustice." *Id.* at 11-12.

{¶ 31} We note that at least one Ohio appellate court has applied res judicata to bar a defendant from collaterally attacking a split sentence that was jointly recommended. In *State v. Robey*, 5th Dist. No. 2021-CA-00010, 2021-Ohio-3884, Robey pleaded guilty to felony counts of abduction, violating a protection order, domestic violence, and harassment by a bodily substance. He was sentenced to various prison terms on the protection order, domestic violence, and harassment counts. On the abduction count, the trial court sentenced Robey to a prison term, but suspended that term and placed him on five years of community control to begin upon his release from prison on the other counts. The trial court ordered the prison terms on all counts to be served consecutively. The sentence imposed by the trial court, including the split sentence on the abduction count, was a joint recommendation of the parties. Robey did not appeal his conviction or sentence.

{¶ 32} Robey completed his prison sentence and began his five-year community control term. After Robey violated his community control, his probation officer filed a

motion to revoke it. At a revocation hearing, the trial court accepted Robey's admission to the violations. At a subsequent sentencing hearing, Robey's counsel argued that the trial court lacked statutory authority to revoke Robey's community control and impose a prison term because the original community control term was not authorized by law. The trial court issued an entry revoking Robey's community control and imposing the balance of the sentence (the prison term) on the abduction count.

{¶ 33} On appeal from the revocation, Robey argued that the trial court erred in finding it had the authority to conduct revocation proceedings and impose a prison term on the violations of community control because his original sentence violated *Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246. Following its decision in *Christy*, 9th Dist. No. 20-CA-29, 2021-Ohio-1470, and those of other appellate districts holding likewise, including our decision in *Thompson*, 10th Dist. No. 19AP-359, 2020-Ohio-6756, the court concluded that any error in the exercise of the trial court's jurisdiction rendered Robey's sentence voidable, not void, and, as he did not raise the issue on direct appeal, res judicata barred his claims. *Robey* at ¶ 29.

{¶ 34} Upon review of the decision, it does not appear that Robey raised an argument regarding the jointly recommended nature of the original split sentence. However, in its recitation of the facts of the case, the court acknowledged that the split sentence was jointly recommended by the parties, *id.* at ¶ 4, and we presume the court was aware of R.C. 2953.08(D)(1). Further, the court followed its own decision in *Christy* as well as our decision in *Thompson*, neither of which involved a jointly recommended split sentence, and the court did not distinguish those cases on that basis. Thus, we are unpersuaded by appellant's unsupported argument that the jointly recommended nature of the original split sentence bars application of the doctrine of res judicata to his claims.

{¶ 35} Appellant does not dispute that the trial court possessed subject-matter jurisdiction over his case and personal jurisdiction over him in 15CR-6418. *See Harper*; *Henderson*; *Thompson*; *Christy*; *Hall*; and *Robey.* Appellant also does not dispute that he did not raise an argument regarding the split sentence in a direct appeal. Thus, pursuant to *Thompson*, *Christy*, *Hall*, and *Robey*, as appellant's split sentence was voidable, the doctrine of res judicata bars his claims.

{¶ 36} Furthermore, even assuming the doctrine of res judicata does not bar his claims, we find appellant's argument that the trial court erred in revoking his community

control rather than resentencing him or permitting him to withdraw his guilty plea pursuant to Crim.R. 32.1 without merit. Appellant cites no caselaw establishing that the trial court was required to resentence him or was without authority to revoke his community control based upon his admitted violations. Further, as noted by the state, under *Harper* and *Henderson,* there is no void sentence that would have permitted the trial court to resentence appellant. *See State v. Simpson,* 10th Dist. No. 19AP-866, 2020-Ohio-6840, ¶ 17 (noting that in *Henderson*, the Supreme Court of Ohio determined that in light of *Harper*, a voidable sentence cannot be challenged through a motion for resentencing). Further, even upon resentencing, the trial court would have been free to impose the same eight-year prison term on Count 2. R.C. 2929.14(A)(2)(b). In addition, insofar as appellant argues that he should have been resentenced on both counts in 15CR-6418, the trial court could have imposed a prison sentence substantially longer than eight years.

{¶ 37} As also noted by the state, treating the matter as a revocation rather than a resentencing did not deprive appellant the opportunity to argue for a lesser sentence. Indeed, defense counsel contended that an eight-year sentence on Count 2 was unnecessary. The trial court was free to impose a prison term of less than eight years or even to continue appellant on community control. R.C. 2929.15(B)(1), (3). However, relying heavily on its review of the plea/sentencing hearing transcript which indicated that appellant would be sent to prison for an additional eight years if he violated the terms of his community control, the trial court determined that an eight-year prison term was appropriate. Nothing in the record establishes that the trial court would have reached a different result had it treated the matter as a resentencing.

{¶ 38} Finally, as to appellant's suggestion that the trial court should have allowed him to withdraw his guilty plea pursuant to Crim.R. 32.1 in order to correct a manifest injustice, we note that no change of plea was requested. Under the circumstances, we cannot find that the court erred by not sua sponte ordering the withdrawal of his entered guilty plea. *See State v. Knueven*, 1st Dist. No. C-810940, 1982 Ohio App. LEXIS 14657.

{¶ 39} For the foregoing reasons, we conclude that the trial court did not err, plainly or otherwise, in revoking appellant's community control rather than conducting a resentencing hearing or in failing to sua sponte order the withdrawal of his negotiated guilty plea. Accordingly, appellant's first assignment of error is overruled.

{¶ 40}  In his second assignment of error, appellant argues the trial court erred in imposing an aggregate nine and one-half year sentence that is not supported by the record and is contrary to law.  More specifically, appellant asserts that the trial court failed to properly consider and apply the sentencing factors set forth in R.C. 2929.11, 2929.12, and 2929.14.  As noted, the trial court imposed an eight-year prison sentence in 15CR-6418, an 18-month prison sentence in 20CR-1611, and ordered the sentences to be served consecutively.

{¶ 41}  In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are " 'to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government.' "  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 18, quoting R.C. 2929.11(A).  To achieve these purposes, the trial court must consider " 'the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' "  *Id.*, quoting R.C. 2929.11(A).  Further, a felony sentence " 'shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in [R.C. 2929.11], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.' "  *Id.*, quoting R.C. 2929.11(B).

{¶ 42}  Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism, the factors set forth in in R.C. 2929.12(F) pertaining to the offender's service in the United States armed forces, if any, along with any other relevant factors.  *Id.* at ¶ 19, citing R.C. 2929.12(A).

{¶ 43}  "R.C. 2953.08 'specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals.' "  *State v. Lake*, 10th Dist. No. 20AP-549, 2021-Ohio-4623, ¶ 11, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 21.  "R.C. 2953.08(A)(4) permits a criminal defendant to appeal his or her sentence on the ground that it is 'contrary to law.' "  *Jones* at ¶ 12.  R.C.

2953.08(G)(2) then provides that an appellate court must review the record, including the findings underlying the sentence imposed by the sentencing court. *Id.* R.C. 2953.08(G)(2) further provides that an appellate court may increase, reduce, modify, or vacate a sentence if it clearly and convincingly finds either: (a) that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), whichever, if any, is relevant; or (b) that the sentence is otherwise contrary to law. *Jones* at ¶ 12, 36, citing R.C. 2953.08(G)(2)(a) and (b). However, "R.C. 2953.08(G)(2)(b) does not * * * provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 44} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "Under Ohio law, a sentence is not clearly and convincingly contrary to law where the record reflects that the trial court considered the principles and purposes of R.C. 2929.11, weighed the seriousness and recidivism factors listed in R.C. 2929.12, and imposed a sentence within the permissible statutory range." *State v. Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 8, citing *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 45} Here, appellant contends the trial court failed to properly consider the purposes and principles of sentencing set forth in R.C. 2929.11, the seriousness and recidivism factors contained in R.C. 2929.12, and the consecutive sentencing factors under R.C. 2929.14. Appellant avers that his "history and characteristics" are important considerations for this court in reviewing his sentence. (Appellant's Brief at 20). To that end, appellant refers to the information contained in the PSI report regarding his family background, his life-long involvement with gang and drug activity, his mental health issues, and his lack of stable employment. Appellant also asserts that he was 18 years old at the

time of the 2015 offense; thus, if this court does not modify or reverse his sentence, he will be 32 years old when he is released from prison.

{¶ 46} Regarding the eight-year prison term imposed on Count 2 in 15CR-6418, appellant repeats his argument that the original sentencing judge determined that a prison term was not appropriate on that count. However, we find no error in the trial court's determination that the original trial judge's thoughts and intentions in imposing the split sentence were not dispositive as to the sentence to be imposed at the revocation hearing. Further, we disagree with appellant's contention that his new conviction in 20CR-1611 did not warrant imposing an eight-year prison term. It is undisputed that the jointly recommended sentence in 15CR-6418 provided that a violation of the terms of community control (including a violation of Ohio law) subjected appellant to imposition of an eight-year prison term, and that appellant violated his community control via his conviction in 20CR-1611.

{¶ 47} As to 20CR-1611, appellant argues that the facts of the case demonstrate that none of the "more serious" factors in R.C. 2929.12(B) apply, as no one suffered serious physical, psychological, or economic harm (R.C. 2929.12(B)(2)); he did not hold a public office or position of trust (R.C. 2929.12(B)(3)); he was not obligated to prevent the offense based on his occupation (R.C. 2929.12(B)(4)); and he did not commit the offense for prejudicial reasons or as part of organizing criminal activity (R.C. 2929.12(B)(7)). He further maintains that the facts demonstrate that at least two of the "less serious" factors in R.C. 2929.12(C) apply, as he did not cause or expect to cause physical harm to any person or property (R.C. 2929.12(C)(3)); and there are substantial grounds to mitigate his conduct (R.C. 2929.12(C)(4)). Appellant notes that he was never charged with robbery or kidnapping; instead, he was charged with, and pleaded guilty to, having weapons under disability because a firearm was discovered on his person. He further notes that he was not armed when he went to the apartment to retrieve his stolen Xbox; rather, he received the firearm as payment.

{¶ 48} Appellant also alleges that the trial court failed to consider the recidivism factors in R.C. 2929.12(D) and (E). Regarding the likelihood of recidivism, appellant argues that although he committed the offense while he was under community control in 15CR-6418, there was no pattern of drug or alcohol abuse related to the offense. (R.C.

2929.12(D)(4)).  He further notes that the PSI report contains his statements admitting that he should not have possessed the firearm and his desire to start over by moving out of state.

{¶ 49} As to the imposition of consecutive sentences under R.C. 2929.14(C)(4), appellant acknowledges the trial court's findings that consecutive sentences are necessary to punish appellant and to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the conduct, and that appellant's criminal history warranted consecutive sentences in order to protect the public.  However, appellant argues that the record does not support a finding that the offenses were of the "worst form" to warrant imposing an aggregate nine and one-half year sentence.  (Appellant's Brief at 24.)  Appellant argues that the "revocation was on a case he already served 4 years for and for not reporting on an illegally imposed community control sentence, when he legitimately thought he was not on probation in the first place." *Id.* at 24-25.

{¶ 50} At the outset, we note that the parties agree that the 18-month sentence imposed in 20CR-1611 is not reviewable under R.C. 2953.08(D)(1) because the sentence was authorized by law, was jointly recommended by the parties, and was imposed by a sentencing judge.  The parties further agree that even though the eight-year prison term for the revocation on Count 2 in 15CR-6418 was also jointly recommended, in that at the time of the plea the parties agreed that if appellant violated community control, an eight-year sentence would be imposed, that sentence can be reviewed pursuant to the prosecutor's agreement that the defense could "argue out" the sentence on the revocation.  Finally, the parties agree that the trial court's decision to order the 18-month and 8-year prison terms to be served consecutively is subject to review despite being jointly recommended by the parties.

{¶ 51} Although appellant concedes that the 18-month sentence imposed in 20CR-1611 is unreviewable pursuant to R.C. 2953.08(D)(1), he nonetheless argues that the trial court failed to comply with R.C. 2929.11 and 2929.12 in imposing that sentence.  Appellant's contention is belied by the record. The trial court's sentencing entry states that it "considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the factors set forth in 2929.12" and "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and 2929.14."  (Feb. 3, 2021 Sentencing Entry at 1.)  This court has concluded that such "language in a judgment entry by itself belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing pursuant to

R.C. 2929.11, and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense." *Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 12, citing *State v. Anderson*, 10th Dist. No. 15AP-1082, 2016-Ohio-5946, ¶ 8-9 (further citations omitted). Moreover, the trial court expressly stated at the sentencing hearing that it had "considered the purposes and principals [sic] of sentencing, [and] all relevant sentencing factors" in imposing the jointly recommended sentence. (Feb. 3, 2021 Tr. at 21.) The trial court's statements both at the sentencing hearing and in the sentencing satisfy the requirements under R.C. 2929.11 and 2929.12.

{¶ 52} Appellant also asserts that the trial court failed to comply with R.C. 2929.11 and 2929.12 as to 15CR-6418. This court and others analyzing a prison term imposed upon the revocation of community control have concluded that the court must consider the R.C. 2929.11 purposes and principles of felony sentencing as well as the relevant seriousness and recidivism factors set forth in R.C. 2929.12. *Wilburn* at ¶ 6-13; *State v. Motz*, 12th Dist. No. CA2019-10-109, 2020-Ohio-4356, ¶ 41.

{¶ 53} Neither R.C. 2929.11 nor 2929.12 requires a sentencing court to make any specific factual findings on the record. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31. Further, " ' "there is no statutory or common law requirement that the trial court incorporate any specific findings in its sentencing entry specific to the principles and purposes of sentencing * * * [or] the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12 [respectively]." ' " *Motz* at ¶ 43, quoting *State v. King*, 12th Dist. No. CA2018-05-101, 2019-Ohio-1492, ¶ 9, quoting *State v. Van Tielen*, 12th Dist. No. CA2015-09-025, 2016-Ohio-1288, ¶ 14. Rather, " ' "the law only requires that the record demonstrate that the trial court properly *considered* the purposes and principles of sentencing as well as the seriousness and recidivism factors of R.C. 2929.11 and R.C. 2929.12." ' " (Emphasis sic.) *Id.*, quoting *King* at ¶ 9, quoting *Van Tielen* at ¶ 14.

{¶ 54} Here, the record demonstrates that the trial court properly considered R.C. 2929.11 and 2929.12. Indeed, the court expressly stated on the record at the sentencing hearing that it "consider[ed] the purposes and principals [sic] of sentencing and all the relevant sentencing factors." (Tr. 25-26.)

{¶ 55} Further, beyond this express statement, the trial court provided a detailed explanation for its sentencing decisions. Specifically, the court stated that it had reviewed

the PSI report in 20CR-1611 and the transcript of the plea and sentencing proceedings in

15CR-6418. The court further asserted:

> So I have a situation where he was on community control for a violent gun offense, where him and another gang member were shooting at each other and two innocent bystanders got hit. It's something that happens almost daily in our community, and it just doesn't stop. We've got an ongoing gun problem. People, kids, shooting each other, gang members shooting each other. And in this particular case, two innocent people got hit.

> That being said, the defendant did prison time on that case, four years. And the idea with - - between everybody was that upon his release, let's see if he could do something with himself, put him on control, all the programs and everything that goes with that. He absconded, didn't report.

> And I understand there might have been confusion because he had probation and post-release control and maybe he was confused about where he was supposed to report. Although, the ODRC officials say they told him where to report. But that's not the issue. The issue is he then goes out and commits another offense, the new weapon under disability charge.

> So after doing four years in prison for having a gun and shooting innocent people, he gets out and immediately picks up a new gun charge, and * * * I'm not going into account all the problems he had a ODRC with fights and gangs and contraband and all the other statements.

> So I'm not necessarily revoking him or sentencing [him] because he didn't check in with probation. Although that's not really great of him. The issue here is I would revoke him because of the new gun offense that he picked up.

> That being said, the transcript indicates clearly that the defendant shall be sent to ODRC for an additional eight years if he violates the terms of his probation, and he violated those terms of probation. So I am going to revoke his community control on the 2015 case, impose the eight years in prison that was on the shelf that Judge Schneider gave him.

> Again, considering the purposes and principals [sic] of sentencing and all the relevant sentencing factors and the statements in the presentence investigation, the ongoing violence and gun issues we have, constantly being lectured

that we have to do something about gun violence, * * * I feel like this is what needs to be done.

*Id.* at 24-26.

**{¶ 56}** The statements made by the trial court clearly indicate that the court considered the purposes and principles of sentencing and the seriousness and recidivism factors when it revoked appellant community control and imposed the eight-year sentence previously contemplated for a violation of community control.

**{¶ 57}** Finally, appellant's contention that the trial court did not consider the sentencing factors under R.C. 2929.14(C)(4) in imposing consecutive sentences in 15CR-6418 and 20CR-1611 is contradicted by the record. " ' " Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." ' " *State v. Muhammed*, 10th Dist. No. 20AP-242, 2021-Ohio-2244, ¶ 22, quoting *State v. Guy*, 10th Dist. No. 17AP-322, 2018-Ohio-4836, ¶ 56, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). A trial court has discretion to impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.*, citing *Guy.* Before imposing consecutive sentences, the trial court must find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 58}  Thus, under R.C. 2929.14(C)(4), in order to impose consecutive prison terms, a trial court must make at least three discrete findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) applies.  *Muhammad* at ¶ 22, citing *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 59}  As we noted in *Muhammad*, the Supreme Court of Ohio held in *Bonnell* that a trial court imposing consecutive sentences must make the findings required by R.C. 2929.14(C)(4) " 'at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' "  *Muhammad* at ¶ 23, quoting *Bonnell* at syllabus.  The trial court need not "give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  *Id.*, quoting *Bonnell* at ¶ 37. " '[A] word-for-word recitation of the language of the statute is not required,' and 'as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.' "  *Id.*, citing *Bonnell* at ¶ 29.

{¶ 60}  " 'In determining whether the trial court engaged in the correct analysis, an appellate court "may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings." ' "  *Id.* at ¶ 24, quoting *State v Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 8, quoting *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22, citing *Bonnell* at ¶ 29.  "Furthermore, 'once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if its finds, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law.' "  *Id.*, quoting *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22.

{¶ 61}  In the present case, a review of the sentencing transcript reveals that the trial court made all the factual findings required by R.C. 2929.14(C)(4).  As noted above, the trial court specifically stated that consecutive sentences "are appropriate; that it's necessary to

punish the offender, to protect the public from future crime. It's not disproportionate to the seriousness of the conduct, and that the offender's criminal history demonstrates consecutive sentences are necessary to protect the public." (Feb. 3, 2021 Tr. at 26). Moreover, we do not find, clearly and convincingly, that the record fails to support the trial court's findings or that consecutive sentences are otherwise contrary to law. Indeed, contrary to appellant's assertion, we find ample evidence in the record to support the trial court's findings and imposition of consecutive sentences under R.C. 2929.14(C)(4) and 2929.41(A). As noted by the trial court, the record reveals that appellant was sentenced to four years in prison, followed by a term of community control, arising from an offense involving a shootout between him and another person that resulted in injuries to two innocent bystanders. That appellant was placed on community control following a relatively short prison term stemmed from the original trial judge's expectation that appellant would take the opportunity to "move forward with his life." (Aug. 3, 2016 Tr. at 17). Instead, following his release from prison and placement on community control, appellant failed to report to his probation officer and committed a new offense involving a firearm. These facts support the trial court's findings.

{¶ 62} For the reasons discussed above, appellant's second assignment of error is overruled.

{¶ 63} In his third assignment of error, appellant contends that the trial court erred in failing to include in the sentencing entry in 20CR-1611 and the revocation entry in 15CR-6418 the necessary findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). As noted above, a trial court imposing consecutive sentences must make the R.C. 2929.14(C)(4) findings both at the sentencing hearing and in the sentencing entry. *Muhammad*, 10th Dist. No. 20AP-242, 2021-Ohio-2244, at ¶ 23, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at syllabus. The state concedes that the trial court failed to incorporate its consecutive sentence findings into either written judgment entry. However, the parties disagree as to how to remedy this error. Appellant argues that "this matter must be vacated and remanded to allow the trial court to properly consider the consecutive sentencing factors." (Appellant's Brief at 27.) In support, appellant relies on *State v. Smerczynski*, 7th Dist. No. 18 BE 0025, 2019-Ohio-2712. However, *Smerczynksi* is inapposite because the appellate court there remanded for resentencing because the trial court failed to make findings "either at the sentencing hearing or it its written judgment

entry." *Id.* at ¶ 27. Here, the trial court made the findings at the sentencing hearing. Thus, the state argues, the appropriate remedy is a remand for the trial court to issue nunc pro tunc entries incorporating the findings made at the sentencing hearing into the judgment entries. We agree with the state's position. In *State v. J.L.H.*, 10th Dist. No. 19AP-369, 2019-Ohio-4999, we found that a trial court's inadvertent failure to incorporate the R.C. 2929.14(C)(4) statutory findings in the sentencing entry after properly making those findings at the sentencing hearing is a clerical mistake that may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing. *Id.* at ¶ 19, quoting *Bonnell* at ¶ 30. We remanded the case to the trial court for a nunc pro tunc judgment entry incorporating the findings stated on the record. *Id.* In accordance with *J.L.H.* and *Bonnell*, we find that the trial court's inadvertent failure to incorporate the R.C. 2929.14(C)(4) statutory findings in the sentencing entry after properly making those findings at the sentencing hearing is a clerical mistake that may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing. We thus remand the case to the trial court for nunc pro tunc judgment entries in both 15CR-6418 and 20CR-1611 incorporating the R.C. 2929.14(C)(4) findings as stated on the record. Accordingly, appellant's third assignment of error is sustained.

{¶ 64} In his fourth and final assignment of error, appellant contends he received ineffective assistance of counsel. We disagree.

{¶ 65} In order to prevail on a claim of ineffective assistance of counsel, appellant must satisfy a two-part test. First, appellant must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, appellant must show that his counsel committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If appellant can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, appellant must establish that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 694. In considering ineffective assistance of counsel claims, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815.

{¶ 66} Appellant claims that his counsel was ineffective in acquiescing to a revocation of community control on Count 2 in 15CR-6418 instead of either requesting resentencing or requesting permission for appellant to withdraw his guilty plea. Appellant maintains that his counsel never addressed the impact of the jointly recommended sentence on his ability to appeal that sentence.

{¶ 67} As noted in our discussion of appellant's first assignment of error, appellant's counsel initially agreed with the prosecutor's averment that the trial court could either revoke appellant's community control on Count 2 and impose the original eight-year sentence of resentence appellant on Count 2, but ultimately did not object when the trial court treated the matter as a revocation. For the reasons stated in our disposition of the first assignment of error, the trial court had no authority to resentence him in 15CR-6418, as the split sentence was voidable and thus subject to res judicata. Moreover, even had the trial court conducted a resentencing hearing, there is no evidence to suggest that it would have imposed a sentence of less than eight years. Appellant's counsel vigorously argued for a lesser sentence. However, the trial court rejected those arguments and imposed the eight-year sentence.

{¶ 68} Further, we cannot conclude that appellant's counsel was ineffective in failing to request withdrawal of appellant's guilty plea in 15CR-6418. Even had counsel made such a request, appellant would have been unable to demonstrate any manifest injustice under Crim.R. 32.1 "A 'manifest injustice' is a 'clear or openly unjust act.' " *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). Further, a manifest injustice "relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice. *Id.*, citing *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604,¶ 7 (1st Dist.), citing *Kreiner* at 208, and *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). A post-sentence motion seeking withdrawal of a guilty plea is permissible only in "extraordinary cases." *Id.*, quoting *Smith* at 264.

{¶ 69} Here, appellant's ineffective assistance claim is directed at the legality of the split sentence imposed, not the legality of the plea itself. He does not argue that his plea was not entered knowingly, voluntarily, or intelligently or that but for the split sentence he would not have pleaded guilty. Even if he had argued that he would not have pleaded guilty had he known the split sentence was illegal, there is no manifest injustice here because appellant received the exact sentence "to which he agreed in exchange for his guilty plea."

*Id.* at ¶ 18 (no manifest injustice where trial court erroneously advised the defendant that the prison terms were non-mandatory).  Further, any motion to withdraw his guilty plea would have been barred by res judicata, as he did not file an appeal in 15CR-6418.  *Id.* at ¶ 23 ("[r]es judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal").

{¶ 70}  For these reasons, appellant's ineffective assistance claims fail.  Accordingly, we overrule his fourth assignment of error.

{¶ 71}  Having overruled appellant's first, second, and fourth assignments of error, but having sustained appellant's third assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part.  The matter is remanded for the trial court to issue nunc pro tunc judgment entries in 15CR-6418 and 20CR-1611 incorporating the R.C. 2929.14(C)(4) consecutive sentence findings as stated on the record at the February 3, 2021 sentencing hearing.

*Judgments affirmed in part and reversed in part;*
*cause remanded with instructions.*

SADLER, J., concurs.
JAMSISON, J., concurs in judgment only.